This is an appeal from a denial of a bill for declaratory judgment. The plaintiff, Builders Development Company (Builders), attacked the rezoning by the City of Opelika of a parcel of property Builders owned in Opelika. Since we find that proper notice was not given by the City we do not reach the other issues raised on appeal. We reverse and remand.
Since 1968 Builders has owned a parcel of property at the intersection of Rocky Brook Road and Morris Avenue in Opelika. Under the City's Comprehensive Zoning Plan of 1969 this property was zoned to permit multi-family units. In June of 1977 Builders initiated the required procedures to commence development of this property with "Quadraplexes" (a type of multi-family unit). When local homeowners learned of Builders' development plans they requested the City Commission to rezone the property to allow only single-family units. On Tuesday, August 29, 1977, the City Commission published its first notice of a public hearing scheduled for Monday, September 12, to consider rezoning Builders' property. Second notice appeared on Monday, September 5. Thus it is agreed that notice of the September 12 meeting was published once a week for two consecutive weeks, with the first notice appearing only fourteen days prior to the meeting. At the September 12 meeting the City Commission rezoned the property to allow only single-family units.
In the meantime Builders' plat suitable for multi-family or single-family units was before the Planning Commission and received final approval on September 14. A month later Builders requested building permits for multi-family units. The permits were denied because of the rezoning of the property to prohibit multi-family units. Builders then filed a bill for declaratory judgment asking the trial court to declare the rezoning ordinance null and void for a number of reasons, including lack of proper notice, and to issue an order directing the appropriate officials to issue building permits for multi-family units. After an extensive hearing the trial court denied the bill.
Three statutes establish the notice procedures which a municipality in this *Page 964 
state must follow when adopting zoning ordinances. The first, enacted in 1923, appears now as § 11-52-74, Code of Ala. 1975, and reads as follows:
 "No ordinance shall be passed by any municipal corporation under the authority of this article unless and until the proposed ordinance has been published for at least 15 days in advance of its passage in a newspaper of general circulation published within the municipality or, if there is no such newspaper, by posting the same in four conspicuous places within the municipality, together with a notice stating the time and place that the ordinance is to be considered by the municipal legislative authorities and stating further that at such time and place all persons who desire shall have an opportunity of being heard in opposition to such ordinance." Acts 1923, No. 443, p. 590; Code 1940, T. 37, § 773, as amended, Acts 1964, 1st Ex.Sess., No. 252, p. 348, § 1.
In the Code of 1923 this statute appeared as § 1879. In 1935 the legislature adopted the "Standard State Zoning Enabling Act" prepared by an advisory committee for the United States Secretary of Commerce. See Chapman v. City of Troy, 241 Ala. 637,639, 4 So.2d 1, 2-3 (1941). This act contained two provisions relative to notice requirements. The first now appears as § 11-52-77, Code of Ala. 1975, and reads in pertinent part:
 "No ordinance shall be passed by any municipal corporation under the authority of this article unless and until the proposed ordinance has been published at least once a week for two consecutive weeks in advance of its passage in a newspaper of general circulation published within the municipality, or, if there is no such newspaper, then by posting the same in four conspicuous places within the municipality, together with a notice stating the time and place that the ordinance is to be considered by the municipal legislative authorities and stating further that at such time and place all persons who desire shall have an opportunity of being heard in opposition to or in favor of such ordinance." Acts 1935, No. 533, p. 1121, § 4; Code 1940, T. 37, § 778, as amended, Acts 1964, 1st Ex.Sess., No. 252, p. 348, § 2.
The 1935 act also provided for amendments to zoning ordinances and stated, "The provisions of [section 11-52-77] relative to public hearings and official notices shall apply equally to all changes and amendments." Acts 1935, No. 533, p. 1121, § 5; Code 1940, T. 37, § 779; now codified at § 11-52-78, Code of Ala. 1975. It is clearly established, however, that the 1935 notice provisions did not repeal the 1923 provision, for the legislature provided as part of the 1935 act, "[T]his act shall not be held to repeal Section . . . 1879 of the Code of Alabama of 1923 [§ 11-52-74, Code of Ala. 1975], but on the contrary said [section] shall remain in full force and effect, the provisions of this act being cumulative and additional to said Code [section]." Acts 1935, No. 533, p. 1121, § 12. Consequently, § 11-52-74 and § 11-52-77 must both be complied with when a city publishes notice of a proposed zoning ordinance or amendment. Otherwise the ordinance is void.Roberson v. City of Montgomery, 285 Ala. 421, 424,233 So.2d 69, 71 (1970); Alabama Alcoholic Beverage Control Board v. Cityof Birmingham, 253 Ala. 402, 407, 44 So.2d 593, 597 (1950);Chapman v. City of Troy, 241 Ala. 637, 640, 4 So.2d 1, 3
(1941).
Once it is determined that both § 11-52-74 and § 11-52-77
must be complied with the question then becomes, what is compliance? In 1956 the Attorney General issued an opinion reading these statutes as requiring publication "once a week for two consecutive weeks, [with] the first publication . . . at least fifteen days prior to the passage of such ordinance . ." Quarterly Report of the Attorney General, Vol. 85, p. 16 (1956). We think that this is the only plausible construction which gives effect to both statutes and makes them cumulative in accordance with the intentions of the legislature as indicated in the 1935 act. The legislature by declaring that the 1935 act did not repeal the 1923 act has clearly indicated that interested parties *Page 965 
should have at least fifteen days to prepare for a hearing, not twelve, thirteen, or fourteen. Amendments to zoning ordinances must, of course, follow the same notice procedures, since §11-52-78 is also subject to the "non-repealer" provision in the 1935 act. Here, notice was first given on Tuesday, August 29, and the public hearing was held fourteen days later, on Monday, September 12, in violation of the statutorily required notice procedures. Since proper notice of the September 12 public hearing was not given the ordinance passed at that meeting rezoning Builders' property is void and the judgment of the trial court must be reversed. Before a zoning ordinance or amendment may be passed by a municipal corporation the ordinance or amendment must be published once a week for two consecutive weeks with the first publication appearing at least fifteen days prior to the passage of the ordinance or amendment.
REVERSED AND REMANDED.
BLOODWORTH, ALMON, EMBRY and BEATTY, JJ., concur.