This is an appeal by Kennon Associates, Inc. ("Kennon"), from a final decree rendered in favor of plaintiffs, Donald S. Gentry, James M. Adams, and J. Monte Miller, resident property owners of Phenix City, in plaintiffs' suit for declaratory and injunctive relief. We affirm.
Kennon made a contract to purchase a residential lot bearing a street address of 4503 Summerville Road, Phenix City. The terms of this contract called for a cash payment of $16,000 to the seller at closing, subject to the purchaser's obtaining satisfactory rezoning. Kennon desired to construct a day care center for children on the lot; at the time the contract was executed, there was located on it a residential structure which had been extensively damaged by fire. At that time, this lot was zoned R-1, single family residence, pursuant to Ordinance No. 79-6, the Phenix City comprehensive zoning ordinance adopted March 20, 1979. Having been advised that a C-2 zone would be appropriate for a nursery school, Kennon applied to the city for such a rezoning. On the day of that application, or the day before, a 4- by 8-foot sign was placed on the lot advertising Kennon's application for a rezoning of the lot.
On June 11, 1984, the Phenix City Planning Commission held a public meeting, during which the rezoning petition was presented. At this time, a petition was presented containing the names of 77 persons in favor of the petition. A petition containing the names of 62 neighboring property owners who opposed the rezoning petition was also presented. In due course, the Planning Commission voted 5 to 2 to approve the rezoning petition.
At a regular meeting of the city council held on June 19, 1984, the proposed ordinance (84-21) to amend the comprehensive zoning ordinance was offered for its first reading, and by a 5 to 0 vote was placed on first reading.
On July 17, 1984, rezoning ordinance 84-21 was before the city council for public hearing and was presented for a second reading and for a vote. There were two votes for approval, two votes against approval, and one abstention. Thus, the ordinance failed to pass.
Ordinance 84-21 was again placed on the agenda for the city council meeting of August 7, 1984, and was approved for first reading by a vote of 3 to 2. Thereafter, on September 4, 1984, it was submitted to the regular city council meeting and passed by a 3 to 2 vote.
Following the ordinance's adoption, Kennon purchased the lot, procured architect's plans, and cleared the lot. Then, in December 1984, Mr. Kennon learned that he was to first obtain from the Board of Zoning Adjustment a special exception permit to build a nursery school. When Mr. Kennon appeared at the January 10, 1985, meeting of the board, the motion to approve his plans was tabled. At the next meeting, the board denied his request. Kennon contested the decision of the Board of Zoning Adjustment in the Russell Circuit Court, which upheld the decision of that board.
After the defeat of Kennon's request for a special exception permit to build a nursery school, plaintiff Gentry appeared before the city council on two occasions in an attempt to get the council to rezone the Kennon lot back from C-2 to R-1. Those attempts failed, and this suit was filed on April 3, 1985. *Page 314 
By their complaint as amended, plaintiffs sought a judgment declaring the amending ordinance, 84-21, null and void, and further sought to enjoin Kennon from using the property in any manner permitted by amendment 84-21. Specifically, plaintiffs alleged the following regarding to the passage of amendment 84-21:
 "[The ordinance amounts to] arbitrary and unreasonable spot zoning bearing no substantial relationship to the public health, safety and welfare of the City of Phenix City, Alabama, and its inhabitants, but, contrary to the provisions of Title 11, Chapter 52, Article 4, Sections 11-50-70 to 11-52-84 inclusive, Code of Alabama, 1975, is detrimental thereto and has no effect other than to confer a special privilege furthering the private interest of Defendant, Kennon Associates, Inc., an Alabama Corporation, while depriving Plaintiffs and other property owners in the neighborhood of their rights, values, and privileges in and to their properties."
Plaintiffs further alleged that ordinance 84-21 was void because "proper legislative procedures were not followed, resulting in a denial of due process to the plaintiffs."
The matter was heard on June 20, 1985, and on July 16, 1985, the trial court entered an order, set forth in pertinent part below, granting plaintiffs' requested relief:
"[T]he Court finds as follows:
". . . .
 "(2) The lot or parcel of land as described in the Complaint to be subjected to a zone classification change is currently located in an area classified as R-1 (single family residential), with the nearest commercial zoned property being 1100 feet south of such lot. That said lot has frontage of 104 feet with a depth of 225 feet, bounded on the North, South, and West by similar residential classified property.
 "(3) That the procedures provided to effect an amendment to the zoning ordinance (79-6) of the City of Phenix City, Alabama, were not followed by Defendant, Kennon Associates or Defendant, City of Phenix City, resulting in the reclassification of property which, upon trial, was admittedly not intended to be subject to Ordinance 84-21.
 "(4) That the governing body of Phenix City, Alabama, did not give consideration to the character of the district (R-1) and its suitability for uses permitted under a C-2 zone classification. Such reclassification as permitted under said ordinance (84-21) would arbitrarily and unreasonably change the existing character of the neighborhood.
 "(5) That on prior occasions the Defendant, City of Phenix City, Alabama, through its Planning Commission and by action of its governing body, refused reclassification of land a block south of land subject to this action, as well as an area wide reclassification, changing zoning for lands North, East, and South of such parcel (Kitchen lot) to a commercial use from residential.
 "(6) That the zoning determination made by ordinance 84-21 was not made upon a fairly debatable rationale. Testimony indicated that to a large degree ordinance 84-21 was adopted upon a rationale reached by consideration of the number of supporters of the ordinance as opposed to the number of those opposed to the rezoning action.
 "(7) That the adoption of Ordinance 84-21 by Defendant, City of Phenix City, Alabama, conferred a special privilege upon Defendant, Kennon Associates to the detriment of Plaintiffs and other property owners in the neighborhood.
 "(8) That the matters presented to the Court reveal a controversy between the parties as to their rights and duties under Ordinance 84-21 of the City of Phenix City, Alabama.
 "(9) That the action of the governing body of the City of Phenix City, Alabama, in adopting Ordinance 84-21 was unreasonable, arbitrary, and capricious and amounts to an arbitrary fiat.
 "It is therefore, ORDERED, ADJUDGED and DECREED as follows: *Page 315 
 "(A) That Plaintiffs are entitled to the relief sought in the Complaint and [the] Court does, therefore, find the issues in favor of Plaintiffs and against the Defendants.
 "(B) Ordinance 84-21, adopted by the governing body of the City of Phenix City, Alabama, on September 4, 1984, is declared invalid.
 "(C) That the lands subject to said ordinance be, and hereby are, relieved of the classification C-2 and restored to the classification [that] was in existence prior to the enactment of Ordinance 84-21.
 "(D) That Defendant, Kennon Associates, Inc., is permanently restrained and enjoined from using the property or any building thereon in any manner except as permitted under zoning classification R-1, of the City of Phenix City, Alabama."
It is from this order that Kennon appeals. Although a named defendant below, the City of Phenix City did not join in this appeal.
 I.
The comprehensive zoning ordinance (Ordinance No. 79-6) adopted on March 20, 1979, by the City Council of Phenix City contains a section (Article XI) in which regulations with respect to amendments are set forth. Besides the statutory notice requirements contained in Code of 1975, § 11-52-77 (seeBuilders Development Co. v. City of Opelika, 360 So.2d 962, 964
(Ala. 1978)), Article XI, Section 2, of Ordinance No. 79-6 mandates the following additional notice requirements applicable to rezoning applications:
 "All persons desiring to rezone real estate which is subject to the Zoning Ordinance of the City of Phenix City, Alabama, adopted March 20, 1979, shall make application to the Planning Commission of the City of Phenix City, Alabama, and shall, at the time of making said application, certify to the Planning Commission that a sign has been posted on the property by the applicant, at the time of application, notifying interested persons that a rezoning application has been filed. In addition, the Phenix City Building Department shall send, by registered mail, a letter notifying the adjacent property owners of the action pending." (Emphasis added.)
The above notice requirements are mandatory, because Article II of Ordinance No. 79-6 provides in part that:
 "For the purpose of this ordinance, certain terms or words used herein shall be interpreted as follows:
". . . .
 "The word shall is mandatory, the word may is permissive." (Emphasis added.)
In its brief on appeal, Kennon concedes (and the record discloses) that, in fact, there were adjacent landowners who did not receive by registered mail notice of the rezoning action pending. Those landowners include Mr. Monte Miller; the City of Phenix City; and others whose land adjoins a lot belonging to a Mr. George Lenoir, whose lot was mistakenly included in the description of the Kennon property to be rezoned. Indeed, Mr. Lenoir was not even aware of the pending action until after the amending ordinance was passed rezoning the Kennon lot as well as his own property.
This Court has held that the statutory 15-day notice requirements contained in § 11-52-74 and § 11-52-77 are mandatory and "must both be complied with when a city publishes notice of a proposed zoning ordinance or amendment." BuildersDevelopment Co. v. City of Opelika, 360 So.2d at 964; AlabamaAlcoholic Beverage Control Board v. City of Birmingham,253 Ala. 402, 407, 44 So.2d 593, 597 (1950). This Court has also held that when the legislative body of a city or a planning commission adopts zoning or planning regulations, ordinances, or by-laws, which are "specifically authorized by the Code,they have the same force and effect as properly enactedstatutes." (Emphasis added.) Lynnwood Property Owners v. LandsDescribed In Complaint, 359 So.2d 357, 359 (Ala. 1978); BoulderCorporation v. Vann, *Page 316 345 So.2d 272 (Ala. 1977); Code of 1975, §§ 11-52-1, et seq. Furthermore, when a city or planning commission has adopted such regulations, ordinances, or by-laws, "[i]n exercising its function . . . [it] acts in an administrative capacity, and isbound by any limitations on its authority contained in thelegislation authorizing it to act, as well as any restrictionscontained in its own regulations." (Emphasis added.) BoulderCorporation v. Vann, 345 So.2d at 275. See also LynnwoodProperty Owners, 359 So.2d at 360, wherein this Court quoted the above passage as well as excerpts from decisions of other jurisdictions:
 "Cases in foreign jurisdictions which have addressed this question have stated similar requirements.
 "`A municipal legislative body is bound to follow the regulations it has adopted, in the exercise of its delegated legislative power.
"`. . . .
 "`If a zoning body is going to attempt to participate in the decision-making process as both petitioner and judge, the very least that can be expected is that it will play the game according to its own rules. This was not done here, and the failure to comply with its own published procedures
was fatal to the decision. . . .' Miller v. City of Albuquerque, 89 N.M. 503, 554 P.2d 665, 669 (1976).
 "See also McArthur v. Zabka, 177 Colo. 337, 494 P.2d 89 (1972), and County Commissioners of Anne Arundel County v. Ward, 186 Md. 330, 46 A.2d 684 (1946). See, generally, Harnett v. Board of Zoning, Subdivision and Building Appeals, 350 F. Supp. 1159 (D.V.I., 1972)." (Emphasis added.)
In his treatise on zoning law, Emmett Yokley notes "many instances where it has been necessary for the courts to invalidate ordinances where proper notice was not given to affected parties as required by law." This "strong line of decisions" supports the view that "in amending a zoning ordinance the statute must be literally complied with, a failure to do so [is] fatal to validity." (Emphasis added.) 2 Yokley, Zoning Law Practice § 11-10, at 167-68 (4th ed. 1978).
With respect to the procedural steps mandated by zoning regulations and their enabling statutes, Robert W. Anderson states the following in his zoning law treatise:
 "The procedural steps required by the state zoning enabling statutes usually are regarded as mandatory.
A failure substantially to comply with such requirements renders a zoning ordinance invalid. The same rule has been applied where requirements, in addition to those imposed by statute, are made by the municipal charter. It is reasoned that municipal zoning power is derived from the enabling act. An attempt to exercise such power without regard to the procedural limitations of such act is ultra vires and the resulting ordinance is invalid. Procedural requirements are considered by the courts to be safeguards against the arbitrary exercise of power. Failure to comply with such procedural requirements has been regarded not only as an ultra vires act on the part of municipal legislators, but also as a denial of due process of law." (Emphasis added.)
1 Anderson, American Law of Zoning, § 4.03, at 185-87 (2d ed. 1976). Specifically, with respect to notice requirements, Anderson comments:
 "As is true of procedural requirements generally, the requirements for publication, service, and posting are mandatory; failure substantially to comply with them results in an invalid ordinance. Commenting on a statutory requirement that notice be given in a specific manner, an Arizona court said: `Such a rule is no mere "legal technicality," rather it is a fundamental safeguard assuring each citizen that he will be afforded due process of law.' [Hart v. Bayless Investment Trading Co., 86 Ariz. 379, 388, 346 P.2d 1101, 1108 (1959)]." Id., § 413 at 204. (Emphasis added.) *Page 317 
In this jurisdiction, we have insisted on strict compliance
with procedural requirements contained in statutes and regulations adopted pursuant to the enabling statutes. InBuilders Development Co. v. City of Opelika, 360 So.2d at 964-65, this Court held:
 "[Section] 11-52-74 and § 11-52-77 must both be complied with when a city publishes notice of a proposed zoning ordinance or amendment. Otherwise the ordinance is void. [Citations omitted.]
". . . .
 "[Under these statutes], interested parties should have at least fifteen days to prepare for a hearing, not twelve, thirteen, or fourteen. Amendments to zoning ordinances must, of course, follow the same notice procedures, since § 11-52-78 is also subject to the `non-repealer' provision in the 1935 act. Here, notice was first given on Tuesday, August 29, and the public hearing was held fourteen days later, on Monday, September 12, in violation of the statutorily required notice procedures. Since proper notice of the September 12 public hearing was not given the ordinance passed at that meeting rezoning Builders' property is void and the judgment of the trial court must be reversed." (Emphasis added.)
See also Alabama Alcoholic Beverage Control Board v. City ofBirmingham, supra. In Lynnwood Property Owners, supra, 359 So.2d at 360, we held as follows:
 "To allow the Commission to ignore its own by-laws and regulations with impunity would foster impermissible arbitrariness by our city governments. The mandates of procedural due process of law prevent such actions. Therefore, we hold that Lynnwood was deprived of procedural due process when the Commission reviewed and reconsidered Dr. Ray's zoning amendment application which previously had been disapproved at the preceding monthly meeting. Fairness requires that the Commission follow its own rules. The public, or at least those whose interests are affected by a zoning amendment, has the right to rely upon the Commission's following its own ordained procedures. . . ." (Emphasis added.)
And, in Boulder Corporation v. Vann, 345 So.2d at 275-76, we held as follows:
 "It is clear . . . that this court, like most others, has held that statutes such as [Code of 1940, T. 37], § 799 [now Ala. Code § 11-52-32 (1975)] contain certain provisions for the protection of the property owner. The requirement that the commission approve or disapprove plats within a certain time is such a provision and is mandatory.
". . . .
 "Therefore, as we interpret § 799, in order to give meaning to all of its provisions, it seems clear that the legislature has mandated that a planning commission must either approve or disapprove a plat within thirty days after its submission. Because a public hearing is also mandated, it follows that a meaningful decision on whether to approve or disapprove cannot be made until such hearing has been conducted. Only after the required public hearing has been held is the planning commission in a position to approve or disapprove a plat submitted for a decision. It has thirty days thereafter in which to act. If it fails to do so, the plat is deemed approved. If it disapproves the plat, the ground for doing so must be stated in its record within thirty days of the date of submission.
 "[W]e think the petitioner here has shown a clear legal right to a certificate of approval of its plat, because the Planning Commission failed to act within the time and in the manner mandated by the legislature." (Emphasis added.)
Notwithstanding this line of our own authorities, Kennon argues that because none of the affected parties was prejudiced by the failure to give the proper notice, strict compliance ought not be required. Kennon contends that Monte Miller had actual notice of the proposed rezoning, and that there was no need for the City of Phenix City, through its building *Page 318 
department, to give itself notice by registered mail. As to Mr. Lenoir and the owners of land adjoining his property, Kennon concedes that that portion of the amending ordinance is invalid.
We find Kennon's arguments unpersuasive. In the line of decisions discussed herein, where there had been a failure to strictly follow the procedural requirements applicable to the action sought, especially notice provisions, this Court has invalidated the ordinance passed or the action taken,irrespective of whether any person was prejudiced by the erroror omission. See Anderson, supra, § 405, and cases cited at n. 37, p. 189. Thus, not only has the City of Phenix City in this case adopted regulations which by their express terms make specific notice requirements mandatory, but also there is ample authority for the view that, in adopting or amending a zoning ordinance, mandated procedural steps, especially notice requirements, must be strictly followed. We adhere to this view in the present case.
Kennon further argues that the trial court erred in failing to consider Kennon's defenses of laches and estoppel. Kennon asserts: "The Plaintiffs, Miller and Gentry, and the neighborhood witnesses, Cytrynak, Sauls, Session and Gunter, all testified that they made no effort to protest the rezoning (although some signed a petition) prior to its becoming a reality. The Plaintiffs waited some seven months after the passage of the ordinance to bring suit to overturn it." Kennon claims to have inalterably changed his position in reliance on the rezoning by spending funds to remove the fire-damaged dwelling from the lot and on architectural plans for a nursery school. On these facts, we cannot say that plaintiffs' seven-month delay in filing this action was unreasonable and resulted from a lack of due diligence, or that it was of such a character that Kennon could have reasonably relied upon it. As we have already pointed out (as does Kennon in its brief), during this seven-month period, plaintiff Gentry, on two occasions, appeared before the planning commission and the city council in an attempt to have the Kennon lot rezoned from C-2 back to R-1. Further, Gentry, although not a party to Kennon's action, also appeared before the Board of Zoning Adjustment to oppose the special exception sought by Kennon for the nursery school. Thus, Kennon was aware that attempts were being made to prevent Kennon from following through on its plans pursuant to the amending ordinance. "Laches is not mere delay but such that works a disadvantage to another." Moore v. Pettus, 260 Ala. 616,625, 71 So.2d 814, 822 (1954). As plaintiffs aptly point out, whatever funds Kennon expended in furtherance of its plans had to be with knowledge of, and based upon its evaluation of, the situation then pending, which had an atmosphere of controversy combined with direct attempts to undo what had been done. Therefore, it cannot be said that it was the plaintiffs' delay of seven months in bringing the suit that worked a disadvantage to Kennon.
Furthermore, Kennon's expenditures for architectural plans for a nursery school were made in reliance on obtaining a special exception permit from the Board of Zoning Adjustment. While plaintiff Gentry appeared before the board and opposed such a permit, plaintiffs were not parties to those proceedings nor to the subsequent proceeding before the circuit court in which the board's decision was upheld. Additionally, while Kennon's purchase of the lot and his expenditure of money for removing the fire-damaged dwelling may have been made in reliance on the validity of the ordinance, under the circumstances of this case Kennon cannot claim that these transactions were occasioned solely as a result of plaintiffs' waiting seven months to file this action challenging the validity of the ordinance. Accordingly, the trial court was correct in not considering as meritorious Kennon's defenses of laches and estoppel.
Because the judgment of the trial court invalidating ordinance 84-21 is due to be affirmed on the ground that mandatory procedural steps were not followed in the passage of the ordinance, we pretermit decision *Page 319 
on the other issues raised by this appeal. Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and SHORES, JJ., concur.