Plaintiffs Mack Bedingfield, Jr., Mary Bedingfield, Classie Mae Peebles, Egbert Peebles, Lyla M. Peebles, Withers G. Peebles, Jr., Withers G. Peebles III, John Brent Peebles, Annie R. Yarbrough, and Milton E. Yarbrough, Jr. (Bedingfield group), petitioned this Court for a writ of certiorari for review of the decision of the Court of Civil Appeals affirming an adverse summary judgment and applying a substantial-compliance analysis to the zoning-ordinance notice requirements of §§ 11-52-77 and -78, Ala. Code 1975. We granted the writ to determine whether the Court of Civil Appeals' decision conflicts with Kennon Assocs.,Inc. v. Gentry, 492 So.2d 312 (Ala. 1986), and its progeny. We reverse and remand.
On March 20, 1990, after proper notice and public debate, the Town Council of the Town of Mooresville adopted an ordinance to establish a zoning commission as authorized by § 11-52-79, Ala. Code 1975. Pursuant to the new ordinance, the Town Council appointed the zoning commission and charged it with developing zoning districts and regulations for the Council's review.
On November 20, 1990, after two public meetings concerning boundaries and property uses, the zoning commission voted "to recommend the preliminary report to the Town Council." On February 11, 1991, the chairman of the zoning commission submitted a final report and a proposed zoning ordinance, which incorporated a zoning map to locate the particular zones within the town, to the Town Council. On March 19, 1991, at a regular Council meeting, the Town Council passed an ordinance authorizing the posting of the zoning ordinance and map submitted by the zoning commission. Notice of the proposed zoning ordinance and map was posted in four conspicuous places in town. The notice stated that the proposed zoning ordinance and map would be considered at the April 4, 1991, meeting of the Town Council.
On March 29, 1991, the Bedingfield group filed an action to enjoin the Town *Page 292 
Council's consideration of the proposed zoning ordinance and to recover damages if the Town Council adopted the ordinance. The Bedingfield group named as defendants the Town of Mooresville, the Town Council, and the individual members of the Town Council.
The trial court did not enjoin the April 4, 1991, meeting of the Town Council, and the Town Council considered and adopted the proposed ordinance and map at its April 4, 1991, meeting. Before adopting the ordinance and the map, however, the Town Council changed the zoning classification of two lots belonging to Milton E. Yarbrough, Jr., one of the plaintiffs, from residential to business because, through error or oversight, the lots had been excluded from the business district on the original zoning map. This change is the gravamen of the pertinent claim by the Bedingfield group.
Thereafter, the Town Council and the other defendants moved to dismiss the lawsuit filed by the Bedingfield group. The Bedingfield group amended their complaint to allege, among their theories, that:
 "21. The allegations of Count Two arise under the due process of law clause in the Fourteenth Amendment to the Constitution of the United States and the procedures for adopting a comprehensive zoning ordinance in Code of Alabama, 1975, Sections 11-52-77, 11-52-78 and 11-52-79.
 "22. The Defendant Mooresville Town Council has denied due process of law, both substantive and procedural, to the [Bedingfield group] by failing to follow the requirements of the Code of Alabama, 1975 sections recited above as they relate to duties, notice, hearings and reports in enacting a comprehensive zoning ordinance."
Subsequently, the Bedingfield group moved for a summary judgment and filed a brief in support thereof. Upon the request of the defendants, the trial court treated the defendants' motion to dismiss as a motion for a summary judgment. The Bedingfield group filed an opposition to the defendants' summary judgment motion and filed another summary judgment motion, along with exhibits. The defendants filed a supplemental affidavit in support of their motion. After arguments of counsel, the trial court entered summary judgment in favor of the defendants. The Bedingfield group filed a postjudgment motion and, after its denial, a notice of appeal. This Court transferred the appeal to the Court of Civil Appeals, pursuant to § 12-2-7, Ala. Code 1975.
In affirming the judgment of the trial court, the Court of Civil Appeals applied a "substantial-compliance" analysis to the notice and hearing requirements of §§ 11-52-77 and -78.Bedingfield v. Mooresville Town Council, 782 So.2d 284
(Ala.Civ.App. 1999). The Court of Civil Appeals concluded that
 "that portion of § 11-52-78 that mandates the application of the notice and hearing requirements governing proposed ordinances to `changes and amendments' to ordinances is not applicable to revisions to a proposed ordinance made at a previously noticed hearing convened to consider the merits of the original ordinance, at least where the revisions are not so substantial as to compel the conclusion that the municipal legislative body has exceeded the scope of the original notice. See Budco Theatres, Inc. v. Zoning Hearing Bd., 159 Pa. Commw. 257, 263-64, 632 A.2d 1072, 1075-76
(1993). . . ."
782 So.2d at 289.
In their petition for a writ of certiorari, the Bedingfield group contends that the reclassification of Yarbrough's property *Page 293 
amended the zoning ordinance and that §§ 11-52-77 and -78 require notice of an amendment to a zoning ordinance before the amendment can be enacted. Kennon Assocs., Inc. v. Gentry, 492 So.2d 312
(Ala. 1986). In Kennon, this Court held:
 "[T]he statutory 15-day notice requirements contained in § 11-52-74 and § 11-52-77 are mandatory and `must both be complied with when a city publishes notice of a proposed zoning ordinance or amendment.'"
492 So.2d at 315 (quoting Builders Dev. Co. v. City of Opelika,360 So.2d 962, 964 (Ala. 1978)). This Court further stated:
 "[W]here there had been a failure to strictly follow the procedural requirements applicable to the action sought, especially notice provisions, this Court has invalidated the ordinance passed or the action taken, irrespective of whether any person was prejudiced by the error or omission. See [1 Anderson, American Law of Zoning, § 405 (2d ed. 1976)], and cases cited at n. 37, p. 189. Thus, not only has the City of Phenix City in this case adopted regulations which by their express terms make specific notice requirements mandatory, but also there is ample authority for the view that, in adopting or amending a zoning ordinance, mandated procedural steps, especially notice requirements, must be strictly followed. We adhere to this view in the present case."
492 So.2d at 318. The Legislature repealed § 11-52-74
("Publication of ordinance providing for zones.") in 1981, and now § 11-52-77 contains the requirements for public notice of, and public hearing on, zoning ordinances. At the time applicable to this case it provided, in pertinent part:
 "No ordinance shall be passed by any municipal corporation under the authority of this article unless and until the proposed ordinance has been published in full for one insertion and an additional insertion of a synopsis of the proposed ordinance, one week after the first insertion, which synopsis shall refer to the date and name of the newspaper in which the proposed ordinance was first published; both such insertions shall be at least 15 days in advance of its passage and in a newspaper of general circulation published within the municipality, or, if there is no such newspaper, then by posting the proposed ordinance in four conspicuous places within the municipality, together with a notice stating the time and place that the ordinance is to be considered by the municipal legislative authorities and stating further that at such time and place all persons who desire shall have an opportunity of being heard in opposition to or in favor of such ordinance." (Emphasis added.)
Section 11-52-78 governs the amendment, the change, or the repeal of zoning ordinances:
 "Such regulations, restrictions and boundaries and ordinances passed under the authority of this article may from time to time be amended, supplemented, changed, modified or repealed.
 "The provisions of Section 11-52-77 relative to public hearings and official notices shall apply equally to all changes and amendments." (Emphasis added.)
The opinion of the Court of Civil Appeals permitting "substantial compliance" with §§ 11-52-77 and -78 directly conflicts with Kennon, supra, and its progeny. This Court has required strict compliance with the notice and hearing requirements of § 11-52-77 and that strict compliance requirement extends to § 11-52-78. Kennon, supra, and its progeny. Section11-52-78 requires the Town Council to comply with the notice and hearing *Page 294 
requirements of § 11-52-77 before the Town Council may amend, change, supplement, modify, or repeal the zoning ordinance. Although the error in the proposed zoning ordinance which classified Yarbrough's property as "residential" rather than "business" was, without dispute, an honest or clerical error, correcting the error required a change to the proposed ordinance. The Town Council changed the classification of Yarbrough's property from "residential" to "business" and then adopted the ordinance without its having been posted in its changed form with notice that it would be considered in that form as required by §11-52-77. Thus, because the Town Council did not comply with the notice and hearing requirements of § 11-52-77 before it purported to adopt the ordinance with the changed classification of Yarbrough's property from "residential" to "business," the zoning ordinance is invalid for lack of the notice required by § 11-52-77
for the ordinance (in the form purportedly adopted) or for lack of the notice required by § 11-52-78 for the change itself. Kennon,supra. Therefore, the trial court erred in entering summary judgment in favor of the defendants, and the Court of Civil Appeals erred in affirming the judgment of the trial court. Accordingly, we reverse the judgment of the Court of Civil Appeals, and we remand this cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Hooper, C.J., and Maddox, Houston, Cook, See, Lyons, Brown, and England, JJ., concur.