CRAWLEY, Judge.
In February or March 1999, William Selby and his business partner, Charles William Hall, entered into a contract to purchase some property located in the Town of Stevenson (the “Town”) upon which to construct an office for their real estate business. The property, which fronted U.S. Highway 72, was zoned for residential use, so Selby sought either a variance or to have the property rezoned for light business use. After consideration by the Town’s Zoning Board of Adjustment, Selby’s request was denied. He then brought a declaratory judgment action in the circuit court against the Town, arguing that the Town’s zoning ordinance was invalid because the Town had not complied with the notice provisions of Ala. Code 1975, §§ 11-52-77 and -78. The trial court held that the ordinance was invalid. The Town appealed.
The Town first argues that because Selby did not own the property in question at the time he requested it be rezoned, he lacked, and continues to lack, standing in this action. Selby argues that, regardless of whether he lacked standing when he first sought to rezone the property, he was the owner of a one-half undivided interest in the property at the time he filed the present declaratory-judgment action seeking to have the ordinance declared invalid, and, thus, that he had standing to bring that action and this appeal. We agree that Selby has standing to maintain the present action. See Ala.Code 1975, § 6-6-223 (defining those who are permitted to seek declaratory relief as, among others, a person whose rights are affected by an ordinance).
The Town also argues that the trial court’s failure to make findings of fact that the Zoning Board of Adjustment’s failure to rezone was arbitrary and capricious is reversible error. See, e.g., Budget Inn of Daphne, Inc. v. City of Daphne, 789 So.2d 154, 158 (Ala.2000) (explaining that courts *649 afford deference to a municipality’s zoning ordinance, reviewing it only to determine if it is arbitrary and capricious). This argument appears to be based on its erroneous belief that this case is essentially an appeal of the denial of the rezoning request. However, Selby filed a declaratory-judgment action, arguing not that his property should be rezoned, but that the ordinance was invalid because it was adopted without compliance with the notice requirements contained in §§ 11-52-77 and -78.
Pursuant to § 11-52-77, the Town was required to publish or post the ordinance, once in full and once in synopsis form, one week apart; both publications or postings must have occurred at least 15 days before the ordinance was passed. The Town did publish the proposed ordinance in full in the local newspaper on November 9, 1995, and published a synopsis of the proposed ordinance on November 16. Both publications were more than 15 days in advance of the adoption of the ordinance in its final form on December 4. However, the proposed ordinance was changed, based upon public comment. The section on subdivisions, which was a part of the proposed ordinance, was not adopted as a part of the final ordinance; in addition, other, smaller changes were made to at least three provisions. The Town did not post or publish the ordinance in its final form in full at any time before its adoption.
Our supreme court had stated that a municipality must strictly comply with § 11-52-77. See Kennon & Assocs., Inc. v. Gentry, 492 So.2d 312, 315 (Ala.1986). The court has also held that changes to a proposed ordinance made after the first publication are “amendments,” which under § 11-52-78 are also subject to the publication or posting requirements of § 11-52-77. Ex parte Bedingfield, 782 So.2d 290, 293-94 (Ala.2000). Because the Town failed to publish the amended ordinance before its adoption in its final form, the trial court’s invalidation of the ordinance was in accord with the law.
The Town further argues that Charles William Hall, the owner of the other one-half undivided interest in the property, was a necessary party under Rule 19, Ala. R. Civ. P.[1]
*650 “Rule 19, Ala. R. Civ. P., provides for joinder of persons needed for just adjudication. Its purposes include the promotion of judicial efficiency and the final determination of litigation by including all parties directly interested in the controversy. Hooper v. Huey, 293 Ala. 63, 69, 300 So.2d 100, 105 (1974), overruled on other grounds, Bardin v. Jones, 371 So.2d 23 (Ala.1979). Where the parties before the court adequately represent the absent parties’ interests and the absent parties could easily intervene should they fear inadequate representation, no reason exists why the trial court could not grant meaningful relief to the parties before the court. Ross v. Luton, 456 So.2d 249, 257 (Ala.1984). Also, joinder of the absent parties is not absolutely necessary where determination of the controversy will not result in a loss to the absent parties’ interest or where the action does not seek a judgment against them. Morgan Plan Co. v. Bruce, 266 Ala. 494, 497-98, 97 So.2d 805, 808 (1957). A defendant’s delay and its self-serving purpose for raising the issue have also been held to be proper considerations in determining whether a judgment is proper in the absence of a particular party. J.R. McClenney & Son, Inc. v. Reimer, 435 So.2d 50, 52 (Ala.1983). See also, Geer Bros., Inc. v. Walker, 416 So.2d 1045, 1050 (Ala.Civ.App.1982).”
Byrd Cos. v. Smith, 591 So.2d 844, 846 (Ala.1991).
Although Hall has an ownership interest in the property that Selby sought to have rezoned, his interest in the property is not impacted in any way by the declaratory-judgment action Selby instituted in the circuit court. Again, we point out that Selby sought a determination of whether the ordinance was validly enacted. Hall’s interest in the action, if contrary to that of Selby, would have been the same as any citizen of the Town who wished to have the action of its municipality in enacting the ordinance upheld; that interest was adequately protected by an existing party— the Town itself. Thus, we conclude that Hall was not a necessary party to this lawsuit.
AFFIRMED.
YATES, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ., concur.

. Rule 19 reads as follows:
"(a) Persons to Be Joined if Feasible. A person who is subject to jurisdiction of the court shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.
"(b) Determination by Court Whenever Joinder Not Feasible. If a person as described in subdivision (a)(l)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."