YATES, Presiding Judge.
The plaintiffs, Danny Speakman and 11 other residents whose property abuts or is in proximity to 25.57 acres of land owned by the defendant, Wal-Mart Stores East, Inc., appeal from a summary judgment entered in favor of Wal-Mart and the defendant, City of Cullman, in this rezoning case. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
On February 18, 2000, Margie Ruth Wood Calvert and Mary Patricia Wood Darby requested that the City of Cullman rezone 25.57 acres of their land from residential (“R-l”) to business (“B-2”) district. On February 27, 2000, the City published a notice of the rezoning request in the Gull-man Times. The notice stated that there had been a request to rezone property along “Swafford Rd. SW from .R-l Residential to B-2 General Business,” and that a public hearing would be held on the .rezoning of the property on March 6, 2000.
On March 6, 2000, the City Planning Commission held a public hearing on the rezoning of the property. The Commission made no recommendation to the City Council regarding the rezoning. Also on March 6, 2000, the City Council held its regular meeting, at which time it had a first reading of the rezoning request. On March 14 and 21, 2000, the City published a notice of a public hearing on the rezoning request set for April 10, 2000. Both notices contained a brief description of the property as “north side of Swafford Road and Southeast of Cherokee Avenue S.W.” The notices also contained a detailed metes and bounds description of the property to be rezoned. The City sent, by certified mail, letters to the adjoining property owners notifying them of the April 10, 2000, hearing. After the hearing on April 10, 2000, the City Council granted the rezoning request, with certain conditions, as follows:
“(a) A permanent prohibition of vehicular ingress and egress from the property that was the subject of the Rezoning Request to and from Swafford Road; “(b) Development of the subject property consistent with the site plan presented to the Council;
“(c) Erection of a six to eight foot high berm with trees thereon along the Southern border of the subject property; “(d) Creation of a detention pond along the Southern border of the subject property that would prevent any adverse *178 surface water impact on the nearby residential property; and
“(e) Implementation of directional exterior lighting on the subject property such that such lighting would be directed away from the nearby residential neighborhoods.”
On April 20, 2000, the City published a notice that it had granted of the rezoning request, entitled “Ordinance 1372.” The notice did not contain the conditions the Council imposed.
On May 8, 2000, the plaintiffs filed a declaratory-judgment action against the City and Wal-Mart, seeking to have the ordinance declared void, and seeking a permanent injunction prohibiting Wal-Mart from developing the property for commercial use. Both Wal-Mart and the City moved for a summary judgment; the trial court granted their motions.
The plaintiffs argue that the rezoning request to the planning commission failed to include the current use of the adjoining parcels of property in accordance with § 110.1 of the Cullman Zoning Ordinance, adopted pursuant to § 11-52-1 et seq. Section 110.1 provides:
“An application for any amendment shall contain a description and/or statement of the present and proposed zoning regulation or district boundary to be applied, the names and addresses of the owner or owners of the lot in question, and the use of each adjacent property....”
Wal-Mart admits that the request fails to meet this requirement; however, it argues that the omission was harmless because, it says, the plaintiffs were not prejudiced by the omission.
In Kennon & Associates, Inc. v. Gentry, 492 So.2d 312, 317 (Ala.1986), the supreme court stated “In this jurisdiction, we have insisted on strict compliance with procedural requirements contained in statutes and regulations adopted pursuant to the enabling statutes.” In Kennon, the court held that the fact that none of the affected landowners were prejudiced by the City’s failure to properly notify the landowners of the pending action to rezone the lot in question did not preclude the court from invalidating the ordinance, which rezoned the lot from residential to commercial. The Kennon court stated:
“[WJhere there had been a failure to strictly follow the procedural requirements applicable to the action sought, especially notice provisions, this Court has invalidated the ordinance passed or the action taken, respective of whether any person was prejudiced by the error or omission.”
492 So.2d at 318. Although § 110.1 involves the request to rezone made to the planning commission in contrast to notice to the public, the failure to include the current uses of the surrounding property in the request does not strictly comply with the mandates of the Cullman Zoning Ordinance.
We also note that the planning commission violated § 110.3(a), regarding amending the Cullman Zoning Ordinance, which provides that “[bjefore taking such action as it may deem advisable, the City Council shall consider the Planning Commission’s written recommendation on each proposed zoning amendment.” Pursuant to § 11-52-8, it is the duty of the planning commission to make and adopt a master plan for the physical development of the municipality. Before adopting such a plan, the commission “shall make careful and comprehensive surveys and studies of present conditions and future growth of the municipality....” § 11-52-9. The planning commission decided not to make a recommendation to the City Council on the proposed ordinance. One member of the commission testified that it decided to *179 “forward” the request without making a recommendation because the ultimate rezoning decision was the City’s. While we recognize that the City Council has the authority to rezone and the planning commission is an advisory body, the purpose of requiring a recommendation from the planning commission is to give the City Council the advantage of the commission’s expertise on land-use planning with respect to the proposed amendment. The commission should have adopted or rejected the amendment rather than forgo its duty and decline to make a recommendation.
The plaintiffs argue that the second notice published on March 21, 2000, did not comply with § 11-52-77 and § 110.3(b) of the Cullman Zoning Ordinance. The March 21, 2000, notice included a detailed metes and bounds description of the affected property. The property was described in the notice as:
“As a starting point, start at the Northeast corner of the Southeast Quarter of the Southwest Quarter of Said Section 22; thence South 89 degrees 03 minutes 00 seconds West and along the North boundary of the Southeast Quarter of the Southwest Quarter for a distance of 332.20 feet to the point of beginning of the property herein described; thence South 0 degrees 52 minutes 26 seconds East for a distance of 1,290.86 feet to a point on the North boundary of Swaf-ford Road, said road having a 60 foot right of way; thence South 88 degrees 34 minutes 55 seconds West and along the North boundary of said Swafford Road for a distance of 991.19 feet to a point, said point being on the West boundary of the Southeast Quarter of the Southwest Quarter of said Section 22; thence North 0 degrees 55 minutes 22 seconds West and along the West boundary of said Southeast Quarter of the Southwest Quarter for a distance of 793.14 feet to a point on the Southeast boundary of Cherokee Avenue (Alabama Highway No. 69) said point also being in a curve, and having a centerline radius of 5,604.90 feet, said point also being 80 feet from the center line, thence Northeast along the curving boundary of said Cherokee Avenue for a chord angle of North 33 degrees 11 minutes 51 seconds East and a chord distance of 611. 18 feet to a point on the North boundary of the Southeast Quarter of the Southwest Quarter of said. Section 22; thence North 89 degrees 03 minutes 00 seconds East along the North boundary of said Southeast Quarter of the Southwest Quarter for a distance of 649.43 feet to the point of beginning. Said parcel containing 25.57 acres.”
The March 21, 2000, notice also stated that there had been a request to rezone property on the “north side of Swafford Rd. and Southeast of Cherokee Avenue S.W.”
Wal-Mart argues that the legal description, along with the shorter description of the property to be rezoned, actually provides greater notice than the statute and the Cullman Zoning Ordinance require. The plaintiffs contend that the metes and bounds description is too technical to satisfy the synopsis requirement. The mandatory provisions of § 11-52-77(1) provide that a synopsis be included in the second notice, “which synopsis shall refer to the date and name of the newspaper in which the proposed ordinance was first published.” Also, § 110.3(b) of the Cullman Zoning Ordinance, requires that the second notice contain “an additional insertion of a synopsis of the proposed ordinance, one week after the first insertion, which synopsis shall refer to the date and name of the newspaper in which the proposed ordinance was first published....” It is undisputed that the second notice, published on March 21, 2000, referred to the date and *180 name of the newspaper of the first notice. The brief description of a change of zoning from residential to business on the “north side of Swafford Rd. and Southeast of Cherokee Avenue S.W.” was adequate to inform members of the public that a rezoning request had been requested and what land was involved, thus satisfying the synopsis requirement.
Based upon comments made at the public hearing, the City added conditions to the ordinance before it was adopted. The plaintiffs argue that the failure to publish the rezoning ordinance in its final form before it was adopted invalidated the ordinance.
In Ex parte Bedingfield, 782 So.2d 290 (Ala.2000), there was a clerical error in the proposed zoning ordinance, which classified the property as residential rather than business. The town council changed the classification of the property and then adopted the ordinance without the ordinance having been posted in its changed form with notice that it would be considered in that form as required by § 11-52-77. The supreme court held:
“Thus, because the Town Council did not comply with the notice and hearing requirements of § 11-52-77 before it purported to adopt the ordinance with the changed classification of [the] property from ‘residential’ to ‘business,’ the zoning ordinance is invalid for lack of the notice required by § 11-52-77 for the ordinance (in the form purportedly adopted) or for lack of the notice required by § 11-52-78 for the change itself. Kennon[ & Associates, Inc. v. Gentry, 492 So.2d 312 (Ala.1986)]. Therefore, the trial court erred in entering summary judgment in favor of the defendants.... ”
782 So.2d at 294.
In Town of Stevenson v. Selby, [Ms. 2000648, December 21, 2001] — So.2d - (Ala.Civ.App.2001), this court held:
“Pursuant to § 11-52-77, the Town was required to publish or post the ordinance, once in full and once in synopsis form, one week apart; both publications or postings must have occurred at least 15 days before the ordinance was passed. The Town did publish the proposed ordinance in full in the local newspaper on November 9, 1995, and published a synopsis of the proposed ordinance on November 16. Both publications were more than 15 days in advance of the adoption of the ordinance in its final form on December 4. However, the proposed ordinance was changed, based upon public comment. The section on subdivisions, which was a part of the proposed ordinance, was not adopted as a part of the final ordinance; in addition, other, smaller changes were made to at least three provisions. The Town did not post or publish the ordinance in its final form in full at any time before its adoption.
“Our supreme court had stated that a municipality must strictly comply with § 11-52-77. See Kennon & Assocs., Inc. v. Gentry, 492 So.2d 312, 315 (Ala.1986). The court has also held that changes to a proposed ordinance made after the first publication are ‘amendments,’ which under § 11-52-78 are also subject to the publication or posting requirements of § 11-52-77. Ex parte Bedingfield, 782 So.2d 290, 293-94 (Ala.2000). Because the Town failed to publish the amended ordinance before its adoption in its final form, the trial court’s invalidation of the ordinance was in accord with the law.”
— So.2d at -. The City failed to publish the “amended” ordinance before it adopted the final form with the added conditions, and, therefore, the ordinance is invalid.
*181 Based on the foregoing, the judgment of the trial court is reversed and the case is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
CRAWLEY, THOMPSON, PITTMAN, and MURDOCK, JJ., concur.