A group of citizens of the Town of Mooresville — Mack Bedingfield, Jr., Mary Bedingfield, Classie Mae Peebles, Egbert Peebles, Lyla M. Peebles, Withers G. Peebles, Jr., Withers G. Peebles III, John Brent Peebles[1], Annie R. Yarbrough, and Milton E. Yarbrough, Jr. ("the citizens") — appeal from a summary judgment entered by the Limestone County Circuit Court on their claims challenging the legality of a comprehensive zoning ordinance enacted by the Mooresville Town Council ("the Town Council") in 1991. We affirm.
In February 1990, the Town Council authorized the posting of an ordinance proposing to establish a zoning commission. This posting was authorized as a means of giving notice to interested persons of the Town Council's future consideration of the proposed ordinance. This proposed ordinance was ultimately adopted, and a zoning commission was appointed to recommend zoning districts and enforcement regulations for the Town Council's consideration. The zoning commission submitted its final report, along with a proposed ordinance and zoning map, to the Town Council on February 11, 1991, after having held two public meetings concerning boundaries and uses requested by various citizens.
The Town Council adopted an ordinance on March 19, 1991, authorizing the posting of notice to the public of the zoning ordinance and map the zoning commission had recommended. Notice was thereafter posted in four conspicuous places in the town that the proposed zoning ordinance and map would be considered at the April 4, 1991, meeting of the Town Council. This notice stated:
 "NOTICE is hereby given that the Town Council of Mooresville will hold a PUBLIC HEARING on the proposed ordinance attached to this notice on Thursday, 4 April 1991, at 6:00 p.m. at the Church of Christ on Market Street. All persons who desire may speak in opposition to or in favor of the proposed ordinance at that time. The Council will vote on the ordinance at this meeting."
Before the meeting could take place, the citizens filed a complaint in the Limestone County Circuit Court seeking to enjoin the Town Council's consideration of the proposed zoning ordinance and to recover damages should the ordinance be adopted. *Page 286 
This complaint named the Town of Mooresville, the Town Council, and the members of the Town Council in their official capacities as defendants.
The April 4, 1991, council meeting was not enjoined, and the Town Council proceeded to consider the proposed ordinance. After considerable debate, the Town Council adopted the proposed ordinance, but not until it had changed the zoning classification of Lots 105 and 106, two lots owned by Milton E. Yarbrough, Jr., from residential to business. It is undisputed that the two lots had been erroneously excluded from the business district on the original zoning map.
After the passage of the zoning ordinance, the defendants filed a motion to dismiss the citizens' complaint, accompanied by the affidavit of the town clerk and a number of exhibits thereto detailing the history of the zoning ordinance. The citizens filed an amendment to their complaint, generally alleging, among other things, that the zoning ordinance was unfair, that it deprived them of their property without due process of law, that it was facially defective, that it was an unreasonable restraint on private rights, that the members of the Town Council had had financial interests at the time the zoning ordinance was enacted that should have disqualified them from considering the ordinance, that the members had used their positions for financial gain, and that the members had appointed their spouses to positions in town government. The defendants filed a brief in support of their motion to dismiss that addressed the amended complaint. The citizens then filed, on October 9, 1992, a second amended complaint, restating their claims and theories, and on March 29, 1993, they filed a motion for a default judgment.
The case lay essentially dormant until January 1997, when the citizens filed a motion for a summary judgment and a brief in support thereof, based upon the Town Council's alleged failure to comply with the notice requirements of §§ 11-52-77 and 11-52-78, Ala. Code 1975, pertaining to zoning ordinances. After the defendants filed a brief in opposition, the trial court set a hearing on all pending motions on February 20, 1997. At the hearing, the trial court denied the citizens' motion for a default judgment, and indicated that it would grant the defendants' request that their earlier motion to dismiss be treated as a motion for a summary judgment. The trial court then entered an order stating that the motion would be as treated, directing the parties to submit "any additional matters for consideration" within 21 days, and providing that oral argument could be requested.
On March 11, 1997, the citizens moved for oral argument on the defendants' summary-judgment motion, and the citizens filed a motion for a summary judgment in their favor, along with a brief and several affidavits in support of the motion. The citizens also moved for recusal of the trial judge. The defendants filed a supplemental affidavit in support of their summary-judgment motion on March 12, 1997. On June 26, 1998, the trial court entered a summary judgment in favor of the defendants; that judgment provides, in pertinent part:
 "The issue before this Court is whether or not the adoption of the comprehensive zoning ordinance with these changes [to Lots 105 and 106], without notice of the changes prior to a public hearing, invalidates the entire zoning ordinance adopted by the [Town Council].
 "This Court agrees with defendants' position that in cases where the subject matter of the hearing involved the adoption of a comprehensive zoning ordinance versus a rezoning [of] a small *Page 287 
tract of land or a particular lot, the changes made in the proposed comprehensive zoning ordinance [do] not require a new notice of the change. If each change proposed from that which is proposed no matter how small in relation to the map [as] a whole required a new notice of a public hearing to specify the various matters in which all lands would be zoned would not only be excessively burdensome, but expensive.
 "The Court further is of the opinion that a due process requirement is satisfied by a notice of a hearing which indicates that a comprehensive review is to take place and further informs those persons interested where and when the map proposing the rezoning may be examined, and that the proposals shown thereon may be changed as a result of further study at a public hearing. This imposes the burden on the interest[ed] person to keep himself informed of the changes.
". . . .
 "It appear[s] that the original change of Lots 105 and 106 were made from residential to business at the request of Milton Yarbrough, the attorney of record for the [citizens], a named plaintiff in this matter, and the owner of said Lots 105 and 106[;] the changes were adopted by the Town Council at the public hearing when the errors were pointed out by Mr. Yarbrough. [The Town Council] made the changes as requested by Mr. Yarbrough in rezoning Lots 105 and 106 from residential to business[.]"
After the citizens' motion to vacate the summary judgment was denied, they appealed to the Alabama Supreme Court. That court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala. Code 1975.
The citizens raise four issues on appeal: (1) whether Alabama law, which they contend requires "strict compliance" with the notice provisions of §§ 11-52-77 and 11-52-78, Ala. Code 1975, required the Town Council to provide new notice and a new hearing before it could consider the proposed zoning ordinance as altered at the April 14, 1991, hearing (i.e., the change in classification of Lots 105 and 106); (2) whether the cumulative effect of various alleged violations of "protective statutes" by the Town Council amounts to a denial of due process; (3) whether a comprehensive zoning ordinance is unfair in a town with a population of 54; and (4) whether the trial court abused its discretion in failing to hold oral argument on the defendants' summary-judgment motion after the citizens had requested oral argument.
The statutes pertinent to our consideration of the "strict compliance" issue are §§ 11-52-77 and 11-52-78, Ala. Code 1975. Section 11-52-77, as it read before its 1995 amendment, provided:
 "No ordinance shall be passed by any municipal corporation under the authority of this article unless and until the proposed ordinance has been published in full for one insertion and an additional insertion of a synopsis of the proposed ordinance, one week after the first insertion . . . both such insertions shall be at least 15 days in advance of its passage and in a newspaper of general circulation published within the municipality, or, if there is no such newspaper, then by posting the proposed ordinance in four conspicuous places within the municipality, together with a notice stating the time and place that the ordinance is to be considered by the municipal legislative authorities and stating further that at such time and place all persons who desire shall have an opportunity *Page 288 
of being heard in opposition to or in favor of such ordinance.
 "No such ordinance shall become effective until after a public hearing in relation thereto, at which parties in interest and citizens shall have an opportunity to be heard."
(Emphasis added). Section 11-52-78 states that ordinances passed under the authority of the Code's zoning article "may from time to time be amended, supplemented, changed, modified or repealed," and that "[t]he provisions of Section 11-52-77 relative to public hearings and official notices shall apply equally to all changes or amendments." In essence, the citizens contend that the notice-of-hearing requirements of § 11-52-77 that are incorporated into § 11-52-78, which refers to "changes or amendments" to "ordinances passed" under state zoning laws, apply to changes to ordinance proposals, such as the redesignation of Lots 105 and 106 in this case.
While the citizens cite authority for the general proposition that "strict compliance with procedural requirements contained in statutes and regulation" is necessary to the validity of a zoning ordinance (see Kennon Associates, Inc. v. Gentry,492 So.2d 312, 318 (Ala. 1986)), no reported Alabama opinion has addressed this specific question. However, a review of persuasive authority and commentary concerning the issue whether the statutes require a wholly new notice-and-hearing cycle with respect to changes to an ordinance that are proposed at a proper hearing on the ordinance reveals a consensus that a second notice and a second hearing are generally unnecessary. One legal encyclopedia provides a succinct summary of the law in this area:
 "Whether a second hearing is necessary where changes are made due to testimony adduced at the initial hearing will depend upon the nature and extent of the revision. An amendment to a proposed zoning change must be substantial in order to require a second publication and hearing . . . . [A]bsent a substantial change a second hearing will not be required by a change in the effective date of the ordinance, an increase in height restrictions, a reduction in the area affected by the change, an alteration of conditions attached to the amendment, or the inclusion of a detailed definition of one of the terms in the proposed ordinance.
 "However, substantial amendments made after a hearing on a proposed ordinance may be beyond the scope of the original notice and hearing, and such substantial changes will require a second hearing."
83 Am.Jur.2d Zoning Planning § 596 (1992) (footnotes omitted); accord, 101A C.J.S. Zoning Land Planning § 13 and nn. 26-28 (1979). "Where changes are made due to testimony adduced at such a hearing, it usually will not be necessary to hold a second hearing on the revised proposal . . . Minor alterations in the proposed regulation do not require a new hearing; only substantial changes take the proposed ordinance beyond the scope of the initial hearing and require that the hearing process be repeated." 1 Kenneth H. Young, Anderson's American Law of Zoning § 4.15 (1995).
In addition, one commentator has indicated that even greater flexibility in notice-and-hearing requirements of zoning law is warranted where the public has been notified that a fundamental, municipal-wide change in zoning regulations is contemplated by the municipal government:
 "Most of the cases requiring new notice and hearing after substantial changes in the proposal noticed deal with a proposal affecting a single parcel *Page 289 
of land or a relatively small area or a regulation affecting few uses or landowners. However, the rule which has evolved in such cases has also been invoked in cases in which there has been a challenge to the manner in which a particular parcel has been rezoned where its rezoning was part of a general comprehensive revision of zoning classifications of large areas of a community, where the prepublic hearing proposals for such a parcel differed from the classification accorded it thereafter.
 "One purpose of a public hearing is to learn what the views of members of the community toward the proposal are. In particular, its purpose is to hear the views of landowners with respect to classification proposed to be given their or their neighbors' properties. A public hearing with respect to a proposed general revision of the zoning map may result in many changes in the zoning originally proposed and each further public hearing on the new proposals would have a tendency to promote further objections and further changes. If each change from that proposed, no matter how small in relation to the mapping of the whole, were to require a new notice of public hearing, specifying the various manners in which all lands were to be zoned, not only would the legislative process become excessively burdensome and expensive, but the landowners would be left without any definite knowledge of the zoning status of their and their neighbors' properties for long periods of time."
1 Edward H. Zieglar, Rathkopf's The Law of Zoning Planning § 10.05 (1990 rev.) (footnotes omitted). See also Heaton v. City of Charlotte, 277 N.C. 506, 518, 178 S.E.2d 352, 359-60 (1971) ("additional notice and public hearing ordinarily will not be required when the initial notice is broad enough to indicate the possibility of substantial change and substantial changes are made of the same fundamental character as contained in the notice, such changes resulting from objections, debate and discussion at the properly noticed initial hearing"); Carlsmith, Carlsmith, Wichman Case v. CPB Properties, Inc., 64 Haw. 584, 591, 645 P.2d 873, 878
(1982) (because changes in original zoning proposal might ensue as a result of the views expressed at hearings thereon, such notice "may not always be taken by those to whom it is addressed to be an accurate forecast of the ultimate action to be taken").
In light of these persuasive authorities, we conclude that that portion of § 11-52-78 that mandates the application of the notice and hearing requirements governing proposed ordinances to "changes and amendments" to ordinances is not applicable to revisions to a proposed ordinance made at a previously noticed hearing convened to consider the merits of the original ordinance, at least where the revisions are not so substantial as to compel the conclusion that the municipal legislative body has exceeded the scope of the original notice. See Budco Theatres, Inc. v. Zoning Hearing Bd., 159 Pa. Commw. 257, 263-64, 632 A.2d 1072, 1075-76
(1993) (holding that change to proposed but unenacted zoning ordinance made after an initial public hearing was not an "amendment" and did not require re-advertisement). Accordingly, in this case, the Town Council was not required to reenter the notice and hearing cycle of § 11-52-77 simply to consider the correction of the classification of Lots 105 and 106 from residential to business in order to render the comprehensive zoning ordinance valid. As the trial court concluded, a contrary holding would be not only "excessively burdensome, but expensive" for municipal governing bodies (and, ultimately, their *Page 290 
taxpayers). Therefore, we affirm the judgment of the trial court as to this issue.
The citizens also assert that the cumulative effect of several violations of "protective statutes" by the Town Council amounts to a denial of their right to due process of law; they further contend that because Mooresville's population is extremely small, its adoption of a comprehensive municipal zoning ordinance is inherently unfair. However, in their principal brief on appeal, the citizens do not cite any authority for their arguments, but merely provide a general catalogue of complaints they have with the process leading to the adoption of the zoning ordinance. Because the citizens' argument fails to comply with Rule 28(a)(5), Ala.R.App.P., which requires citation of authority supporting a litigant's position, we pretermit consideration of these issues. E.g., Hart v. Marcum, 692 So.2d 850, 851 (Ala.Civ.App. 1997); Pierce v. Helka, 634 So.2d 1031, 1033 (Ala.Civ.App. 1994).
The citizens' final issue concerns the trial court's treating the defendants' motion to dismiss as, and ultimately granting, a summary-judgment motion without affording oral argument. We note that at the February 20, 1997, hearing on all pending motions, the defendants requested that their motion to dismiss be treated as a motion for a summary judgment and that their evidentiary attachments be considered in connection with the summary-judgment motion; implicit in that request was that the trial court consider the motion as dispositive of the entire action, not merely of a particular pleading. The trial court is vested with discretion to chose whether to consider materials outside the pleadings submitted in support of a motion to dismiss, see Harden v. Ritter, 710 So.2d 1254, 1255 (Ala.Civ.App. 1997), and the citizens have not demonstrated that such treatment of the defendants' motion in this case was an abuse of discretion. Moreover, even were we to assume, as the citizens contend we should, that the denial of oral argument on a summary-judgment motion is invariably erroneous when an oral argument has been requested, because we have concluded that the trial court properly resolved the substantive issues in this case, any error committed by the trial court in receiving only written submissions after its decision to treat the defendants' motion as a summary-judgment motion did not prejudice the citizens. Rule 45, Ala.R.App.P.; Short v. Edison Chouest Offshore, Inc., 638 So.2d 790, 793 (Ala.), cert. denied, 513 U.S. 822 (1994).
Based upon the foregoing facts and authorities, we conclude that the summary judgment in favor of the defendants was correct. We therefore affirm the judgment of the trial court.
AFFIRMED.
Yates, Monroe, Crawley, and Thompson, JJ., concur.
[1] Although not a party to the original complaint, John Brent Peebles was named as a party plaintiff in an amended complaint. The version of Rule 15(a), Ala.R.Civ.P., applicable at the time this action was filed allowed a party to amend a pleading without leave of court, subject to disallowance on motion of an adverse party or on the court's own motion; the record reflects no such motion. This court will treat John Brent Peebles as a proper party to this action.