THOMPSON, Presiding Judge.
 

 Christopher Dodd Weaver (“the husband”) and Elizabeth Roe Weaver (“the wife”) were divorced by a judgment of the trial court on September 12, 2007. The husband filed a “motion to alter, amend, or vacate” the divorce judgment on October 11, 2007. The trial court purported to rule on the husband’s October 11, 2007, motion on January 19, 2008. On January 24, 2008, the wife filed a “motion to strike” the January 19, 2008, order. The trial court denied the wife’s motion, and the wife sought review in this court pursuant to a timely petition for a writ of mandamus.
 

 Although the wife styled her January 24, 2008, motion in which she objected to the January 19, 2008, order as a “motion to strike,” she sought to have the January 19, 2008, order struck or “expunged” as void for want of jurisdiction. A motion seeking relief from a judgment or order on the basis that the judgment or order is void is one filed pursuant to Rule 60(b)(4), Ala. R. Civ. P. “The substance of a motion and not its style determines what kind of motion it is.”
 
 Evans v. Waddell,
 
 689 So.2d 23, 26 (Ala.1997). Thus, we interpret the wife’s January 24, 2008, “motion to strike” the January 19, 2008, order as a motion seeking relief pursuant to Rule 60(b)(4).
 

 The denial of a Rule 60(b)(4) motion is reviewable by appeal.
 
 Ex parte Keith,
 
 771 So.2d 1018, 1021 (Ala.1998);
 
 Wright v. Wright,
 
 628 So.2d 915, 916 (Ala.Civ.App.1993); and
 
 Harville v. Harville,
 
 568 So.2d 1239, 1240 (Ala.Civ.App.1990). Moreover, this court may treat the wife’s
 
 *1173
 
 petition for a writ of mandamus as an appeal. In
 
 Ex parte Burch,
 
 730 So.2d 143 (Ala.1999), our supreme court held that it had the discretion to treat a petition for a writ of mandamus as a Rule 5, Ala. R.App. P., petition for permission to appeal, and it granted permission to appeal in that case. In doing so, the supreme court stated, “[t]here is no bright-line test for determining when this Court will treat a particular filing as a mandamus petition and when it will treat it as a notice of appeal.”
 
 Ex parte Burch,
 
 730 So.2d at 146.
 
 See also Ex parte C.L.J.,
 
 946 So.2d 880, 888 (Ala.Civ.App.2006) (in which this court elected to treat a petition for a writ of mandamus as an appeal); and
 
 Ex parte W.H.,
 
 941 So.2d 290, 298 (Ala.Civ.App.2006) (treating a petition for a writ of mandamus as an appeal). Accordingly, we elect to treat the wife’s petition as an appeal of the denial of what this court has construed to be a Rule 60(b)(4) motion.
 

 “We review de novo a trial court’s ruling on a Rule 60(b)(4), Ala. R. Civ. P., motion. See
 
 Northbrook Indem. Co. v. Westgate, Ltd,.,
 
 769 So.2d 890, 893 (Ala.2000).
 

 “ ‘ “The standard of review on appeal from the denial of relief under Rule 60(b)(4) is not whether there has been an abuse of discretion. When the grant or denial of relief turns on the validity of the judgment, as under Rule 60(b)(4), discretion has no place. If the judgment is valid, it must stand; if it is void, it must be set aside. A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process.
 
 Satterfield v. Winston Industries, Inc.,
 
 553 So.2d 61 (Ala.1989).” ’ ”
 

 Bank of America Corp. v. Edwards,
 
 881 So.2d 403, 405 (Ala.2003) (quoting
 
 Image Auto, Inc. v. Mike Kelley Enters., Inc.,
 
 823 So.2d 655, 657 (Ala.2001), quoting in turn
 
 Insurance Mgmt. & Admin., Inc. v. Palomar Ins. Corp.,
 
 590 So.2d 209, 212 (Ala.1991)).
 

 The wife argues that the changes made to the September 12, 2007, divorce judgment in the January 19, 2008, order constituted untimely and impermissible modifications to the divorce judgment. Our review of the September 12, 2007, divorce judgment indicates that it addressed and resolved, among other things, issues of property division, child custody, and child support. In short, that judgment addressed all the pending claims between the parties, and, therefore, it constituted a final judgment.
 
 Heaston v. Nabors,
 
 889 So.2d 588, 590 (Ala.Civ.App.2004) (“A final judgment is one that disposes of all the claims and controversies between the parties.”).
 

 With regard to the division of the parties’ marital property, the September 12, 2007, divorce judgment provided, in pertinent part:
 

 “5. The marital residence of the parties located at ... shall continue to be owned jointly by the parties, however the joint tenancy with rights of survivor-ship is severed and the residence shall be sold at private sale and the equity divided 60% to [the husband] and 40% to [the wife] after all costs associated with the sale. The parties shall agree upon a licensed realtor to list said property and shall also agree upon a fair market price for the listing of said property. The property shall be listed for private sale for a period not to exceed six (6) months. Should the parties be unable to agree upon a realtor or a list price within thirty days from the date of this judgment, upon motion of either party, the
 
 *1174
 
 Court shall appoint a realtor from a list of three (3) to be submitted to the Court by each party (within 7 days of the filing of said motion) or if a list is not filed the Court will choose a realtor. Said realtor so chosen by the Court shall determine a fair market value for said property and list it for the same. In the event that the property does not sell at private sale during the listing period, upon the expiration of said six (6) month period, the property may be re-listed for another six (6) months by agreement. In the event the parties do not agree to re-list, the property shall be sold at public auction to the highest bidder by the Circuit Clerk as provided by law. In the alternative, at any time prior to sale, or in the event the parties can agree to an alternative[,] [the husband] may purchase [the wife’s] interest in the residence for 40% of the net equity as agreed upon by the parties. The [husband] shall be allowed to continue to occupy said property exclusively until sold and [the husband] shall make all mortgage (including homeowners insurance and property taxes) payments thereon until sold.”
 

 In the absence of a postjudgment motion, a trial court loses jurisdiction to modify a property division after 30 days from the entry of the divorce judgment.
 
 Henderson v. Koveleski,
 
 717 So.2d 803, 806 (Ala.Civ.App.1998);
 
 Finley v. Finley,
 
 648 So.2d 588, 590 (Ala.Civ.App.1994). In this case, however, the husband filed a post-judgment motion seeking to modify various provisions of the divorce judgment. Specifically, in his October 11, 2007, post-judgment motion, the husband asked, among other things, that the trial court establish the equity in the marital home as of the date of the parties’ separation and that it determine a fair-market value of the home so that he could purchase the wife’s equity in the home. The husband’s October 11, 2007, motion seeking to alter, amend, or vacate the September 12, 2007, divorce judgment was, in substance, a motion timely filed pursuant to Rule 59(e), Ala. R. Civ. P.,
 
 see Evans v. Waddell,
 
 supra; such a motion may be filed only in reference to a final order or judgment.
 
 Dunn v. Dunn,
 
 972 So.2d 810, 812 (Ala.Civ.App.2007).
 

 When a party files a timely post-judgment motion pursuant to Rule 59(e), the trial court has 90 days to rule on that motion; after the expiration of 90 days from the date the motion was filed, the motion is deemed to have been denied by operation of law. Rule 59.1, Ala. R. Civ. P. “When a motion is denied by Rule 59.1, it is overruled for all purposes by operation of law and not by the trial court. The 59.1 overruling of motions is not a matter that leaves any remainder within the breast of the trial court.”
 
 Leathers v. Gover,
 
 447 So.2d 810, 811-12 (Ala.Civ.App.1984). Accordingly, pursuant to Rule 59.1, the last day that the trial court could have ruled on the husband’s October 11, 2007, post-judgment motion was January 9, 2008, the 90th day after that motion was filed. The trial court lost jurisdiction over the matter after January 9, 2008, upon the expiration of the 90th day after the filing of that motion.
 
 Ex parte Chamblee,
 
 899 So.2d 244, 247 (Ala.2004);
 
 Ex parte Caterpillar, Inc.,
 
 708 So.2d 142, 143 (Ala.1997). Accordingly, assuming the January 19, 2008, order constituted a ruling on the husband’s postjudgment motion, the trial court was without jurisdiction to enter that order.
 

 In its January 19, 2008, order, the trial court stated:
 

 “After considering [the husband’s] motion to alter or amend, the Court finds it did not fully address certain issues of requested relief in the judgment rendered after trial.
 
 The Court
 
 *1175
 
 having considered the motion, the Judgment of Divorce in this case is AMENDED in the following respects:
 

 “1. The legal title to the residence is in the name of the [husband], not jointly-titled as stated in the judgment.
 

 “2. The Court determines that Re-max is appointed as the realty company to list and sell the home if [the husband]
 
 [1]
 
 does not purchase the equity as stated in the judgment TO BE DETERMINED AS OF THE DATE THE DIVORCE WAS FILED, JUNE 28, 2005. The fair market value shall be established at $350,000, and [the husband] may purchase [the wife’s] equity in the percentage set out in the divorce judgment.
 

 “3. The [husband] shall be allowed to claim one of the twins as a dependent for state and federal income tax purposes and [the wife] shall be allowed to claim the other two children for tax dependence exemption purposes.
 

 “4. All other requested relief is DENIED.”
 

 (Emphasis added.)
 

 Thus, the language of the January 19, 2008, order indicates that it was entered in response to the husband’s October 11, 2007, postjudgment motion. Before this court, the husband concedes that the October 11, 2007, motion was one filed pursuant to Rule 59(e), seeking to modify the final divorce judgment, and that that motion was denied by operation of law pursuant to Rule 59.1 well before the trial court entered its January 19, 2008, order. However, the husband focuses on the trial court’s statement in the January 19, 2008, order that it “did not fully address certain issues of requested relief in the judgment rendered after trial.” Relying on that language, the husband argues that the January 19, 2008, order is not a ruling on his postjudgment motion but that it instead constitutes a correction to the divorce judgment made pursuant to Rule 60(a), Ala. R. Civ. P.
 

 A trial court may, pursuant to Rule 60(a), correct clerical errors in its orders or judgments. That rule provides:
 

 “Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal or thereafter, such mistakes may be so corrected by the trial court. Whenever necessary a transcript of the record as corrected may be certified to the appellate court in response to a writ of certiorari or like writ.”
 

 The nature of a correction allowed under Rule 60(a) has been explained as follows:
 

 “[Rule 60(a) ] deals solely with the correction of clerical errors. Errors of a more substantial nature are to be corrected by a motion under Rules 59(e) or 60(b). Thus, the Rule 60(a) motion can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what was originally pronounced. E.g.,
 
 West Virginia Oil & Gas Co. v. Breece Lumber Co.,
 
 213 F.2d 702 (5th Cir.1954).”
 

 Committee Comments on 1973 Adoption, Rule 60, Ala. R. Civ. P.
 

 
 *1176
 
 In
 
 Pierce v. American General Finance, Inc.,
 
 991 So.2d 212 (Ala.2008), the trial court entered an order dismissing the action with prejudice, but it later scheduled and conducted a bench trial on the merits. The trial court then entered a judgment in favor of American General, and Pierce appealed. American General argued that the dismissal order “was a ‘mistake’ subject to correction under Rule 60(a), Ala. R. Civ. P.” 991 So.2d at 216. Our supreme court disagreed, stating that even if it were to assume that the trial court had invoked Rule 60(a), the change from an order of dismissal to a judgment on the merits was not a correction made pursuant to Rule 60(a). In reaching its holding, the court explained:
 

 “ ‘ “ ‘The object of a Rule 60(a)[, Ala. R. Civ. P.,] motion or a judgment nunc pro tunc is to make the judgment or the record speak the truth. Under Rule 60(a) a correction may be made by the trial court at any time.
 

 “ ‘ “ ‘The trial court’s authority to enter a Rule 60(a) order or a judgment nunc pro tunc is not unbridled. It cannot be used to enlarge or modify a judgment or to make a judgment say something other than what was originally said. If the mistake involves an exercise of judicial discretion, any correction is beyond the scope of Rule 60(a) and should properly be effected under Rule 59(e) or Rule 60(b)[, Ala. R. Civ. P.]’
 

 “ ‘
 
 “McGiboney v. McGiboney,
 
 679 So.2d 1066, 1068 (Ala.Civ.App.1995) (citations omitted).
 

 “ ‘ “Chief Justice Torbert explained the proper application of Rule 60(a) in his special concurrence in
 
 Ex parte Continental Oil Co.,
 
 370 So.2d 953, 955-56 (Ala.1979):
 

 “ ‘ “ ‘Although there is no precise delineation in the cases construing Rule 60(a) of the [Alabama Rules of Civil Procedure] or its federal counterpart as to what constitutes a “clerical mistake or error arising from oversight or omission,” generally it can be said that
 
 the rule allows the correction of emrs of a ministerial nature in order to reflect what was actually intended at the time of entry of the order. The rule contemplates the type of emr associated with mistakes in transcription, alteration, or omission of any papers and documents
 
 — a
 
 mistake mechanical in nature which does not involve a legal decision or judgment. In re Men’y Queen Transfer Corp.,
 
 266 F.Supp. 605 (E.D.N.Y.1967). In this respect it has been stated that:
 

 “ ““ “Rule 60(a) is concerned primarily with mistakes which do not really attack the party’s fundamental right to the judgment at the time it was entered. It permits the correction of irregularities which becloud but do not impugn it. To that end 60(a) permits, inter alia, reasonable additions to the record. In contrast, Rule 60(b) is concerned with changing a final judgment, etc. In such a case the moving party understandably shoulders a much heavier burden.”
 

 “ ‘ “
 
 ‘United States v. Stuart,
 
 392 F.2d 60, 62 (3rd Cir.1968). Corrections involving an exercise of judicial discretion or judgment modifying or enlarging a judgment or order are beyond the purview of Rule 60(a) and should properly be effected under Rule 59(e) or 60(b).
 
 “Thus a motion under Rule 60(a) can only be used to make the judgment or record, speak the truth and cannot be used to make it say something other than ivhat was originally pronounced.”
 
 Wright & Miller
 
 *1177
 
 & Kane,
 
 Federal Practice & Procedure
 
 § 2854, at 149 (1973). This court has stated:
 

 “ ““ “The object of a judgment
 
 nunc pro tunc
 
 is not the rendering of a new judgment and the ascertainment and determination of new rights, but is one placing in proper form on the record, the judgment that had been previously rendered, to make it speak the truth, so as to make it show what the judicial action really was,
 
 not to correct judicial errors, such as to render a judgment which the court ought to have rendered, in the place of the one it did erroneously render, nor to supply non-action by the court, however erroneous the judgment may have been."
 

 “ ‘ “
 
 ‘Wilmerding v. The Corbin Banking Co.,
 
 126 Ala. 268, 273, 28 So. 640, 641 (1900).
 

 “ ‘ “ ‘Since a correction pursuant to Rule 60(a) may be made at any time and on the trial court’s initiative, the rule should be cautiously applied to preserve the integrity of final judgments. Otherwise, the finality of a judgment would only be illusory since the possibility would exist of substitution of a new judgment for the original one at a later date. Therefore, it is essential that there be something in the record from which the mistake or error to be corrected may be gleaned. See
 
 Ex parte ACK Radio Supply of Georgia,
 
 283 Ala. 630, 219 So.2d 880 (1969);
 
 Busby v. Pierson,
 
 272 Ala. 59, 128 So.2d 516 (1961);
 
 Tombrello Coal Co. v. Fortenberry,
 
 248 Ala. 640, 29 So.2d 125 (1947). Stated differently, the fact of mistake or error must be supported by the record of the proceedings. See
 
 Harris v. Harris,
 
 256 Ala. 192, 54 So.2d 291 (1951).’ ” ’ ”
 

 Pierce v. American Gen. Fin., Inc.,
 
 991 So.2d at 216-217 (quoting
 
 Ex parte Brown,
 
 963 So.2d 604, 607-08 (Ala.2007), quoting in turn
 
 Higgins v. Higgins,
 
 952 So.2d 1144, 1147-48 (Ala.Civ.App.2006)).
 

 In this case, as the wife points out, the September 12, 2007, divorce judgment provides that the parties were to agree on a realtor to assist them in selling their marital home. The judgment contains a provision allowing the trial court to select a realtor if the parties were unable to reach an agreement on that issue; the record contains no indication whether the parties agreed on a realtor to list the home for sale. Regardless of whether the parties or the trial court selected the realtor, pursuant to the terms of the divorce judgment, the
 
 realtor
 
 was to determine the fair-market price for the home and list the home for sale at that fair-market price. In addition, the divorce judgment provided that the husband could purchase the wife’s interest in the marital home for the amount of 40% of “the net equity [in the home]
 
 as agreed upon by the parties
 
 ”; the divorce judgment does not specify a specific date upon which equity in the marital home should be determined. (Emphasis added.)
 

 In its January 19, 2008, order, the trial court selected a real-estate company to list the marital home for sale, ordered that the equity in the marital home was to be determined as of the date of the filing of the divorce action, and established the fair-market value of the marital home, from which amount the parties’ equity in the home should be calculated. The relief the trial court granted is substantially similar to the nature of the relief specifically requested by the husband in his post-judgment motion; also, we note that the first part of the January 19, 2008, order indicates that the trial court was entering that order in response to that post-judgment motion.
 

 
 *1178
 
 A Rule 60(a) motion “cannot be used to enlarge or modify a judgment or to make a judgment say something other than what was originally said.”
 
 McGiboney v. McGiboney,
 
 679 So.2d 1066, 1068 (Ala.Civ.App.1995);
 
 see also Pierce v. American Gen. Fin., Inc.,
 
 supra. Further, Rule 60(a) cannot be used to effect a change to a judgment or order that involves an exercise of judicial discretion,
 
 McGiboney,
 
 nor can it be used to enter a different judgment than the original.
 
 Merchant v. Merchant,
 
 599 So.2d 1198, 1200 (Ala.Civ.App.1992).
 

 The January 19, 2008, order purports to establish the parties’ equity in the marital home as determined as of a specific date; the divorce judgment had specified only that the equity in the home be determined by an agreement of the parties. Thus, the January 19, 2008, order attempts to enlarge or modify the September 12, 2007, divorce judgment.
 
 [2]
 
 Further, in entering its January 19, 2008, order, the trial court attempted to exercise discretion by establishing the date upon which the equity in the marital home should be determined and the actual amount of the equity itself. Accordingly, we must reject the husband’s argument that the January 19, 2008, order effected merely Rule 60(a) corrections to the divorce judgment.
 

 Having decided that the January 19, 2008, order was not entered pursuant to Rule 60(a), we must conclude that the trial court was without jurisdiction to enter that order. As already stated, the trial court had lost jurisdiction to rule on the husband’s postjudgment motion after that motion was denied by operation of law. Because the January 19, 2008, order was void for want of jurisdiction, the trial court erred in denying the wife’s January 24, 2008, motion seeking relief from that order.
 

 REVERSED AND REMANDED.
 

 PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . At this point in the order, the trial court actually listed the wife as the party possibly purchasing the husband's equity in the home. Given the language of the divorce judgment and the remainder of the January 19, 2008, order, we believe that designation was a clerical error.
 

 [2]
 

 . Nothing in the record before this court indicates that the trial court, in reaching its divorce judgment, had intended to award the relief it ultimately purported to grant in its January 19, 2008, order. Therefore, the facts of this case are distinguishable from those in
 
 Merchant v. Merchant,
 
 supra, and other cases in which the courts have allowed changes to judgments or orders when the record indicated that the trial court intended its original order or judgment to set forth the relief provided in the later amended orders or judgments.
 
 See Bergen-Patterson, Inc. v. Naylor,
 
 701 So.2d 826 (Ala.Civ.App.1997) (when the trial court stated an intent to properly calculate life expectancy by applying a rate of discount, but failed to do so in its mathematical calculation of workers’ compensation benefits, this court held that a later correction to the workers’ compensation judgment reflecting the appropriate calculation was in the nature of a Rule 60(a) correction); and
 
 Ex parte Brown,
 
 963 So.2d 604 (Ala.2007) (a custody judgment was held to have been corrected pursuant to Rule 60(a), even though it changed custody to the father from the mother, because the trial court specifically stated that that custody award was the one it had intended to enter in its original judgment).