PITTMAN, Judge.
 

 Thomas Lee Claridy II (“the husband”) appeals from an order purporting to amend a judgment divorcing him from Monica M. Claridy (“the wife”).
 

 The procedural history of this case is somewhat unusual. On January 12, 2007, the Russell Circuit Court entered a default judgment divorcing the parties. In that nine-paragraph judgment, the circuit court awarded the wife custody of the parties’ child (paragraph 3), awarded the wife the marital residence (paragraph 5), awarded each party the motor vehicle in his or her possession (paragraph 6), and divided the remaining marital and personal property between the parties (paragraphs 7-9).
 

 On May 22, 2007, the husband filed a motion styled “Motion to Set Aside Divorce Decree or, in the Alternative, to
 
 *627
 
 Modify.”
 
 [1]
 
 In that motion, the husband contended that the default judgment had failed to address several important issues, including, but not limited to, the amount of child support to be paid, the amount of visitation to be granted, and the potential relocation of the custodial parent. In addition, the husband’s motion alleged numerous procedural errors purportedly committed by the circuit court in entering the January 2007 default judgment, including failure of the default judgment to properly name the husband and failure of the record to contain proof of service.
 

 In response to the husband’s motion, the circuit court conducted a hearing on October 22, 2007, and, subsequently, on December 14, 2007, it entered an order styled “Partial Amended Divorce Decree” that substituted for the January 2007 judgment an order that simply divorced the parties; that order used the husband’s correct name. In addition, that order reserved all other issues pertinent to the divorce for a later, final disposition.
 

 A final judgment of divorce was subsequently entered on May 22, 2008. In that judgment, the trial court incorporated certain paragraphs of the January 2007 judgment, but it substituted a new paragraph 3 and added five new paragraphs to address the following matters: visitation for the husband; child support; calculation of accrued child-support arrearage from January 2007 to date; language regarding potential relocation by the parties; and instructions that the wife refinance the marital residence solely in her name (paragraph 15).
 
 [2]
 

 On May 28, 2008, the wife filed a post-judgment motion in which she objected to paragraph 15, contending that paragraph 5 of the January 2007 judgment awarding her the marital residence was a property division that could not be modified. According to the computerized case-action summary in the State Judicial Information System, initially the matter was scheduled for a hearing to be held on August 1, 2008, which was later rescheduled to occur on August 18, 2008. The next entry on the SJIS case-action summary is an “Order on Motion to Set Aside Amendment to Divorce Decree” in which the circuit court purportedly struck paragraph 15 from the divorce judgment. That order was filed on December 9, 2008.
 

 The husband filed a timely notice of appeal from that order. He contends that the circuit court had lost jurisdiction over the case at the time the December 9, 2008, order was entered, because, he says, the wife’s postjudgment motion had been denied by operation of law on August 26, 2008.
 
 See
 
 Rule 59.1, Ala. R. Civ. P. Therefore, he asserts, the circuit court’s order is void. We agree.
 

 As previously noted, despite the convoluted procedural history of this case, including the entry of at least two orders purporting to amend the January 2007 judgment, the circuit court entered a final divorce judgment addressing all pending claims between the parties on May 22, 2008.
 
 See Weaver v. Weaver,
 
 4 So.3d 1171, 1173 (Ala.Civ.App.2008), and
 
 Heaston v. Nabors,
 
 889 So.2d 588, 590 (Ala.Civ.App.2004). The wife’s postjudgment motion, filed on May 28, 2008, was denied by operation of law on August 26, 2008, 90 days after she had filed it.
 
 See
 
 Rule 59.1, Ala.
 
 *628
 
 R. Civ. P. At that point, the circuit court lost jurisdiction over the case.
 
 See Weaver,
 
 4 So.3d at 1174;
 
 see also Colburn v. Colburn,
 
 14 So.3d 176, 178 (Ala.Civ.App.2009).
 

 By failing to rule upon the wife’s postjudgment motion on or before August 26, 2008, the circuit court lost jurisdiction to enter the December 9, 2008, order. As a result, that order is void. Because that order was void for want of jurisdiction, it will not support an appeal. “[A]n appellate court must dismiss an attempted appeal from such a void judgment.”
 
 Vann v. Cook,
 
 989 So.2d 556, 559 (Ala.Civ.App.2008);
 
 see also Colburn,
 
 14 So.3d at 179. As a result, the husband’s appeal is dismissed, and the circuit court is instructed to vacate its order of December 9, 2008.
 

 APPEAL DISMISSED WITH INSTRUCTIONS.
 

 THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . Although in that motion the husband did not specifically seek relief under Rule 60(b), Ala. R. Civ. P., the allegations in the motion, taken together, would support granting relief pursuant to Rule 60(b)(4).
 

 [2]
 

 . Paragraph 15 reads, in pertinent part: "[The wife] shall refinance the debt on the [marital residence] awarded to her located at ... Alabama within ninety (90) days.”