MOORE, Judge.
Angela Sibley (“the wife”) appeals from a May 17, 2011, judgment of the Russell Circuit Court (“the trial court”) purporting to amend a divorce judgment entered on October 18, 2010.
The procedural facts pertinent to this appeal show that Lance Sibley (“the husband”) filed a complaint for a divorce from the wife on August 13, 2009. The wife filed an answer and a counterclaim on August 18, 2009. After entering several interim orders and holding a trial on the matter, the trial court entered a final judgment on September 28, 2010; that judgment had been prepared by the wife’s attorney. On October 1, 2010, the wife filed a motion seeking to vacate the September 28, 2010, judgment because it had been submitted by her attorney in error. The trial court entered a corrected judgment on October 18, 2010 (“the divorce judgment”).
On November 17, 2010, the husband filed a motion to amend the divorce judgment, arguing, among other things, that the trial court had erred in determining the amount of the health-insurance premiums the husband should pay on behalf of the wife. On December 2, 2010, the trial court denied that motion in part, but it ordered that a hearing on the health-insurance issue would be held on January 14, 2011. On December 14, 2010, the husband filed an “Amended Motion/Motion for Rule Nisi.” In that motion, the husband argued for the first time that the child-custody, visitation, and property-division provisions of the divorce judgment should be altered and that a new provision relating to the parties’ joint bank account should be added. The husband further alleged that the wife had contemptuously violated the trial court’s judgment insofar as it ordered the wife not to harass the husband or his coworkers. On January 11, 2011, the wife filed an “Answer & Counterclaim” in which she argued that the divorce judgment should not be amended as requested by the husband but that the visitation and property-division provisions of the judgment should, nevertheless, be amended. The wife also sought to hold the husband in contempt based on his alleged violation of several provisions of the divorce judgment.
*193 The trial court ordered that a final hearing on all the issues would be held on March 21, 2011. After that hearing, the trial court found both parties to be in contempt and sentenced each of them to one day in the Russell County jail to be served on March 22, 2011. On May 17, 2011, the trial court entered a judgment purporting to amend the divorce judgment. The wife appealed from that judgment on June 27, 2011.
The dispositive issue on appeal is whether the trial court had lost jurisdiction to enter the May 17, 2011, judgment, pursuant to Rule 59.1, Ala. R. Civ. P., which provides that certain postjudgment motions that remain pending for 90 days are deemed denied by operation of law on the 90th day and that a trial court thereafter loses jurisdiction to rule on such motions. See, e.g., Ex parte Davidson, 782 So.2d 287, 241 (Ala.2000).
The record reflects that the husband filed his first postjudgment motion on November 17, 2010, and that he amended that motion on December 14, 2010.[1] The wife filed her postjudgment motion on January 11, 2011.[2] All the motions sought amendments or additions to the October 18, 2010, divorce judgment and are properly considered to be motions filed pursuant to Rule 59(e), Ala. R. Civ. P. Under Rule 59.1, motions filed pursuant to Rule 59(e) shall remain pending before a trial court for only 90 days, “unless with the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment would lie.” The record does not contain the express consent of the parties or permission from this court to extend the time for ruling on the motions beyond 90 days. Assuming, without deciding, that the 90-day period began to run, at the latest, when the wife filed her post-judgment motion on January 11, 2011, the trial court had until April 11, 2011, to rule on the parties’ postjudgment motions. “A failure by the trial court to render an order disposing of any pending post-judgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period.” Rule 59.1, Ala. R. Civ. P. Thus, at the latest, the postjudgment motions were denied by operation of law on April 11, 2011. After the postjudgment motions were denied by operation of law, the trial court lost jurisdiction to act on the motions; its May 17, 2011, judgment, therefore, is void. Ex parte Chamblee, 899 So.2d 244, 249 (Ala.2004).
A judgment that has been rendered void by operation of Rule 59.1 may be set aside on a motion filed with the trial court under Rule 60(b)(4), Ala. R. Civ. P. See Ex parte R.S.C., 853 So.2d 228, 233 (Ala.Civ.App.2002). In the event a trial court refuses to vacate a void judgment upon proper motion, an aggrieved party may appeal that denial. See Weaver v. Weaver, 4 So.3d 1171, 1172 (Ala.Civ.App.2008). Our supreme court has also recognized that, in appropriate circumstances, a petition for a writ of mandamus will issue to direct a trial court to vacate any orders entered on a postjudgment motion after that motion has been denied by operation of law pursu *194 ant to Rule 59.1. See Ex parte Bolen, 915 So.2d 565, 567-68 (Ala.2005). However, an appeal will not lie from a judgment rendered void pursuant to Rule 59.1. See, e.g., Claridy v. Claridy, 43 So.3d 626, 628 (Ala.Civ.App.2010). By directly appealing following the entry of the May 17, 2011, judgment, the mother did not follow proper procedure, and, although we recognize that the May 17, 2011, judgment is void, this court is without jurisdiction to grant the wife any relief. Instead, this court must dismiss the appeal. Id.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.

. The wife does not contend that the amended motion constituted an impermissible successive postjudgment motion. See, e.g., Hudson v. Hudson, 963 So.2d 92, 94 (Ala.Civ.App.2007). This court will not sua sponte address that issue because it is not necessary for us to do so in order to decide the appeal.

. Because it is not necessary for us to do so in order to decide the appeal, this court does not address the timeliness of the wife’s post-judgment motion.