THOMPSON, Presiding Judge.
In October 2012, Timothy Schoen Slaton (“the father”) filed a complaint in the Eto-wah Circuit Court (“the trial court”) seeking a divorce from Frances Dea Slaton (“the mother”). In his complaint, the father sought an equitable property division and an award of custody of the child born of the parties’ marriage. The mother answered and counterclaimed, also seeking an award of custody of the parties’ minor child.
The trial court • conducted an ore tenus hearing. On November 7, 2013, the trial court entered a judgment in which it divided the parties’ property and awarded the father sole custody of the parties’ child. The trial court awarded the mother a standard schedule of visitation and ordered the mother to pay child support. The mother filed a postjudgment motion on November 18, 2013. Under Rule 59.1, Ala. R. Civ. P., the mother’s postjudgment motion could remain pending until the trial court ruled on that motion or until 90 days expired, whichever first occurred. Rule 59.1 specifically provides, in part:
“No postjudgment motion filed pursuant to Rules 50, 52, 55, or 59[, Ala. R. Civ. P.,] shall remain pending in the trial court for more than ninety (90) days, unless with the express consent of all the parties, which consent shall appear of record.... A failure by the trial court to render an order disposing of any pending postjudgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period.”
Rule 59.1, Ala. R. Civ. P. In this case, the date on which the mother’s postjudgment motion would have been deemed denied pursuant to Rule 59.1 was February 18, 2014.[1]
On February 7, 2014, the parties filed in the trial court a joint motion pursuant to Rule 59.1, seeking to extend the time in which the mother’s postjudgment motion could remain pending under that rule. See Carter v. Hilliard, 838 So.2d 1062, 1064 (Ala.Civ.App.2002) (“An express consent of the parties, one evidenced by ‘positive steps to express [an agreement to extend the 90-day period] in a direct and unequivocal manner,’ is required to extend the 90-day period under Rule 59.1.” (quoting Per *1237 sonnel Bd. for Mobile Cnty. v. Bronstein, 354 So.2d 8, 11 (Ala.Civ.App.1977))). On that same date, February 7, 2014, the trial court entered an order extending the time to rule on the mother’s postjudgment motion by an additional 30 days.
The time in which the trial court continued to have jurisdiction to rule on the mother’s postjudgment motion was therefore extended until March 20, 2014, which was 30 days after the original, February 18, 2014, deadline for such a ruling. However, the hearing on the mother’s post-judgment motion was continued several times, and the trial court purported to rule on that motion on June 18, 2014. In its June 18, 2014, order, the trial court, among other things, ultimately purported to award the mother primary physical custody of the child.
On appeal, the father argues that the trial court was without jurisdiction to enter the June 18, 2014, order. We agree. The trial court did not rule on the mother’s postjudgment motion within the period specified in the February 7, 2014, order. The mother’s postjudgment motion was therefore deemed denied on March 20, 2014, and, thereafter, the trial court lost jurisdiction to act. Sibley v. Sibley, 90 So.3d 191, 193 (Ala.Civ.App.2012). Accordingly, we agree with the father that the trial court’s June 18, 2014, order purportedly entered in response to the mother’s postjudgment motion was void for want of jurisdiction. Id.
The father has appealed a void order, and a void order will not support an appeal. Accordingly, the appeal is dismissed, albeit with instructions to the trial court to vacate its June 18, 2014, void order.
The mother’s request for an attorney fee on appeal is denied.
APPEAL DISMISSED WITH INSTRUCTIONS.
PITTMAN, MOORE, and DONALDSON, JJ., concur.
THOMAS, J., concurs in the result, without writing.

. The 90th day following the filing of the mother's November 18, 2013, postjudgment motion was February 16, 2014, which was a Sunday. The next day, Monday, February 17, 2014, was Presidents’ Day, a state holiday. If the last day on which to rule on a post-judgment motion falls on a Saturday, a Sunday, or a legal holiday, the motion will not be deemed denied until the first day that is not a weekend or a holiday. Rule 6(a), Ala. R. Civ. P. See also Williamson v. Fourth Ave. Supermarket, Inc., 12 So.3d 1200, 1203-04 (Ala.2009). Accordingly, had the time for ruling on the mother’s postjudgment motion not been extended pursuant to Rule 59.1, see discussion, infra, the mother’s motion would have been denied by operation of law on Tuesday, February 18, 2014.