THOMPSON, Presiding Judge.
Jannette Bates (“the wife”) petitions this court for a writ of mandamus directing the Jefferson Circuit Court (“the trial court”) to vacate an order setting aside a default judgment..
The materials submitted in support of the petition for a writ of mandamus indicate that the underlying action was initiated by the wife, who filed a complaint seeking a divorce from Otis Donzreal *651 Bates (“the husband”). The wife moved for a default judgment, and on April 6, 2016, the trial court made an entry of default and set the matter for a hearing on May 9, 2016. On May 23, 2016, the trial court entered a judgment that divorced the parties, divided their marital property, and awarded the wife alimony. In that judgment, the trial court noted that the husband had failed to appear at the May 9, 2016, hearing.
On May 11, 2016, the husband filed a motion seeking to set aside the default judgment. We recognize that the husband’s motion to set aside the divorce judgment was filed before that judgment was entered.[1] As is explained later in this opinion, that motion is treated as having been filed immediately following the entry of the judgment from which it was taken. New Addition Club, Inc. v. Vaughn, 903 So.2d 68, 72 (Ala. 2004).
In his May 11, 2016, motion, the husband alleged that the wife had previously filed two separate divorce actions, apparently concurrently, in an effort to “judge shop,” and that he had successfully had one of those actions dismissed. The husband alleged that the wife had filed a third divorce complaint that initiated the underlying action, and that he had believed that documents pertaining to the third divorce action were related to the remaining pending divorce action. The husband also argued that he had a meritorious defense to the wife’s third divorce action.
“This Court will look at the substance of a motion, rather than its title, to determine how that motion is to be considered under the Alabama Rules of Civil Procedure.” Pontius v. State Farm Mut. Auto. Ins. Co., 915 So.2d 557, 562-63 (Ala. 2005). Rule 55(c), Ala. R. Civ. P., provides:
“In its discretion, ’the court may set aside an entry of default at any time before judgment. The court may on its own motion set aside a judgment by default within thirty (30) days after the entry of the judgment. The court may also set aside a judgment by default on the motion of a party filed not, later than thirty (30) days after the entry of the judgment.”
The husband’s May 11, 2016, motion was titled “motion to set aside default judgment,” it was filed “not later than” 30 days after the entry of the default judgment, see Rule 55 (c), and it set forth bases and allegations pertinent to seeking relief under Rule 55(c). See Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600 (Ala. 1988) (discussing the requirements for setting aside a default judgment under Rule 55(c)). Accordingly, we conclude that the husband’s May 11, 2016, motion was one filed pursuant to Rule 55(c). Ex parte Family Dollar Stores of Alabama, Inc., 906 So.2d 892, 897 (Ala. 2005).[2]
A Rule 55(c) motion may remain pending for 90 days; after that time, if the trial court has not ruled, it is deemed denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P. In this case, the husband’s May 11, 2016, postjudgment motion became effective on the date of the entry of the judgment from which it sought relief, i.e., May 23, 2016. New Addition Club, Inc. v. Vaughn, 903 So.2d at 72. That motion *652 was denied by operation of law on August 22, 2016. See Rule 59.1; and Richburg v. Cromwell, 428 So.2d 621, 622 note (Ala. 1983) (“Rule 59.1, [Ala. R. Civ. P.], provides that such motions, if not. ruled upon by the trial judge, are deemed denied by operation of law as of the ninetieth day; in this case, the ninetieth day was a Sunday, and under Rule 6, [Ala. R. Civ. P.], the motion would have been carried over to the ninety-first day.”).
After the May 11, 2016, motion was denied by operation of law on August 22, 2016, the trial court lost jurisdiction to rule on that motion. Sibley v. Sibley, 90 So.3d 191, 193 (Ala. Civ. App. 2012); Smith v. Smith, 4 So.3d 1178, 1181 (Ala. Civ. App. 2008). The trial court purported to enter an order on October 7, 2016, granting the husband’s Rule 55(c) motion. However, because the trial court had lost jurisdiction to rule on the Rule 55(c) motion after the expiration of 90 days, the trial court was without jurisdiction to enter that October 7, 2016, order, and that order was void. Sibley v. Sibley, 90 So.3d at 193.
A writ of mandamus will be granted where there is
“ ‘ “(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” ’
“Ex parte Ocwen Federal Bank, FSB, 872 So.2d 810, 813 (Ala. 2003) (quoting Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala. 1991)). Mandamus will lie to direct a trial court to vacate a void judgment or'order. Ex parte Chamblee, 899 So.2d 244, 249 (Ala. 2004).”
Ex parte Sealy, L.L.C., 904 So.2d 1230, 1232 (Ala. 2004).
The October 7, 2016, order was void for want of jurisdiction. Accordingly, we grant the wife’s petition for a writ of mandamus and order that the trial court vacate that order.
PETITION GRANTED; WRIT ISSUED.
Pittman, Thomas, Moore, and Donaldson, JJ., concur.

. In his May 11, 2016, motion, the husband alleges that the wife informed him, apparently in anticipation of the entry of the judgment, that she had been awarded possession of the parties' marital home.

. We cannot interpret the husband's May 11, 2016, motion as seeking relief from the divorce judgment under Rule 60(b), Ala. R. Civ. P. The motion was filed “not later than” 30 days after the entry of the default judgment, as required for a Rule 55(c) motion, and did not allege or seek relief on any grounds available under Rule 60(b).